| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| LAW OFFICE OF ALLAN D. SARVER<br>ALLAN D. SARVER  SBN 106282<br>Attorney at Law<br>16000 Ventura Boulevard, Suite 1000<br>Encino, CA  91436<br><br>Telephone No.: (818) 981-0581<br>Facsimile No.:  (818) 981-0026<br>Email: ADSarver@aol.com<br><br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Katrina Collins | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - NORTHERN DIVISION**

| In re:<br><br><br>IcRco, Inc.<br><br><br><br><br>                                  Debtor(s). | CASE NO.: 9:16-bk-11742PC<br>CHAPTER: 11 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(with supporting declarations)**<br>**(ACTION IN NONBANKRUPTCY FORUM)** |
| | DATE: 11/30/2016<br>TIME: 10:00 am<br>COURTROOM: 201 |

**Movant:** KATRINA COLLINS

1. **Hearing Location:**
   ☐ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367     ☒ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2014*                                          Page 1                                  **F 4001-1.RFS.NONBK.MOTION**

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

    a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

    b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

    c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date:  11/01/2016

LAW OFFICE OF ALLAN D. SARVER
Printed name of law firm (if applicable)

ALLAN D. SARVER
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 2                              F 4001-1.RFS.NONBK.MOTION

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO NONBANKRUPTCY ACTION

1. **In the Nonbankruptcy Action, Movant is:**

   a. ☐ Plaintiff

   b. ☐ Defendant

   c. ☒ Other (*specify*): Claimaint in action pending before the American Arbitration Association

2. **The Nonbankruptcy Action:** There is a pending lawsuit or administrative proceeding (Nonbankruptcy Action) involving the Debtor or the Debtor's bankruptcy estate:

   a. *Name of Nonbankruptcy Action:* Katrina Collins v IcRco, Inc.  See Attachment to Motion

   b. *Docket number:* 01-15--0006-0111  See Attachment to Motion

   c. *Nonbankruptcy forum where Nonbankruptcy Action is pending:*
   American Arbitration Association  See Attachment to Motion

   d. Causes of action or claims for relief (Claims):
   See Attachment to Motion

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary  petition under chapter  ☐ 7 ☒ 11 ☐ 12 ☐ 13
   was filed on (*date*) _09/21/2016_ .

   b. ☐ An order to convert this case to chapter  ☐ 7 ☐ 11 ☐ 12 ☐ 13
   was entered on (*date*) _____.

   c. ☐ A plan was confirmed on (*date*) _____.

4. **Grounds for Relief from Stay:**  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay to proceed with the Nonbankruptcy Action to final judgment in the nonbankruptcy forum for the following reasons:

   a. ☒ Movant seeks recovery/~~only~~ *primarily* from applicable insurance, if any, ~~and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate.~~

   b. ☒ Movant seeks recovery primarily from/~~third parties~~ *applicable issues* and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   c. ☐ Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate, except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

   d. ☐ The Claims are nondischargeable in nature and can be most expeditiously resolved in the nonbankruptcy forum.

   e. ☒ The Claims arise under nonbankruptcy law and can be most expeditiously resolved in the nonbankruptcy forum.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 3                        F 4001-1.RFS.NONBK.MOTION

f. ☐ The bankruptcy case was filed in bad faith.

   (1) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

   (2) ☐ The timing of the filing of the bankruptcy petition indicates that it was intended to delay or interfere with the Nonbankruptcy Action.

   (3) ☐ Multiple bankruptcy cases affect the Nonbankruptcy Action.

   (4) ☐ The Debtor filed only a few case commencement documents.  No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

g. ☐ Other (*specify*):


5. **Grounds for Annulment of Stay.**  Movant took postpetition actions against the Debtor.

a. ☐ The actions were taken before Movant knew that the bankruptcy case had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew the bankruptcy case was filed, Movant previously obtained relief from stay to proceed in the Nonbankruptcy Action in prior bankruptcy cases affecting the Nonbankruptcy Action as set forth in Exhibit. _____.

c. ☐ Other (*specify*):


6. **Evidence in Support of Motion:**  *(Important Note:  declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.)*

a. ☒ The DECLARATION RE ACTION IN NONBANKRUPTCY FORUM on page 6.

b. ☐ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims as set forth in Debtor's case commencement documents.  Authenticated copies of the relevant portions of the Debtor's case commencement documents are attached as Exhibit. _____.

d. ☐ Other evidence (*specify*):


7. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**Movant requests the following relief:**

1. Relief from the stay pursuant to 11 U.S.C. § 362(d)(1).

2. ☒ Movant may proceed under applicable nonbankruptcy law to enforce its remedies to proceed to final judgment in the nonbankruptcy forum, provided that the stay remains in effect with respect to enforcement of any judgment against the Debtor or property of the Debtor's bankruptcy estate. Reserves right to file a claim vs estate to extend applicable insurance inadequate to satisfy any award.

3. ☐ The stay is annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant in the Nonbankruptcy Action shall not constitute a violation of the stay.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 4                        F 4001-1.RFS.NONBK.MOTION

4. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified, or annulled as to the co-debtor, on the same terms and condition as to the Debtor.

5. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

6. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Nonbankruptcy Action.

7. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be, without further notice

8. ☒ Other relief requested. Relief is applicable to any conversion of this proceeding to one under Chapter 7 of Title 11 of U.S. Code.

Date: 11/01/2016

LAW OFFICE OF ALLAN D. SARVER
Printed name of law firm (*if applicable*)

ALLAN D. SARVER
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DECLARATION RE ACTION IN NONBANKRUPTCY FORUM

I, (name of Declarant) __NATASHA CHESLER,_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding (Nonbankruptcy Action) because:

   ☐ I am the Movant.
   ☒ I am Movant's attorney of record in the Nonbankruptcy Action.
   ☐ I am employed by Movant as (title and capacity):
   ☐ Other (specify):

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the Nonbankruptcy Action. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. In the Nonbankruptcy Action, Movant is:

   ☒ Plaintiff
   ☐ Defendant
   ☒ Other (specify): Claimaint before American Arbitration Association/Plaintiff in LA Sup. Ct. Action

4. The Nonbankruptcy Action is pending as:

   a. Name of Nonbankruptcy Action: Katrina Collins v IcRco, Inc. See Attachment to Motion
   b. Docket number: 01-15--0006-0111 See Attachment to Motion
   c. Nonbankruptcy court or agency where Nonbankruptcy Action is pending:
      American Arbitration Association  See Attachment to Motion

5. **Procedural Status of Nonbankruptcy Action:**

   a. The Claims are:
      Disability Discrimination (FEHA); (2) Failure to Accommodate (FEHA) (3) Failure to Engage in the Interactive Process (FEHA (4) Retaliation (FEHA) (5) Wrongful Termination in Violation of Public Policy (6) Defamation; (7) Violation of Cal. Lab. Code 1050; (8) Violation of Calor Code 510; (9) Violation of Cal Lab. Code 226.7, 512,203;.... See Attachment to Motion

   b. True and correct copies of the documents filed in the Nonbankruptcy Action are attached as Exhibit "A" - "C"

   c. The Nonbankruptcy Action was filed on (date) _12/23/2014_ .

   d. Trial or hearing began/is scheduled to begin on (date) _04/24/2017_ .

   e. The trial or hearing is estimated to require _4_ days (specify).

   f. Other plaintiffs in the Nonbankruptcy Action are (specify):
      None;

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

g.  Other defendants in the Nonbankruptcy Action are (*specify*):
    None

5. **Grounds for relief from stay:**

a. ☒  Movant seeks recovery primarily from~~third parties~~ applicable insurance and agrees that the stay will remain in effect as to
    enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate, except that
    Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary complaint under
    11 U.S.C. § 523 or § 727 in this bankruptcy case.

b. ☐  Mandatory abstention applies under 28 U.S.C. § 1334(c)(2), and Movant agrees that the stay will remain in
    effect as to enforcement of any resulting judgment against the Debtor or the Debtor's bankruptcy estate,
    except that Movant will retain the right to file a proof of claim under 11 U.S.C. § 501 and/or an adversary
    complaint under 11 U.S.C. § 523 or § 727 in this bankruptcy case.

c. ☒  Movant seeks recovery ~~only~~ primarily from applicable insurance, if any, ~~and waives any deficiency or other claim
    against the Debtor or property of the Debtor's bankruptcy estate.~~  The insurance carrier and policy number
    are (*specify*): Unavailable. See Attachment/Declaration of Natasha Chesler.

    Movant reserves the right to file a proof of claim under 11 U.S.C. 501 in this bankruptcy case, should
    insurance be inadequae to satisfy Movant's claim, in full.

d. ☒  The Nonbankruptcy Action can be tried more expeditiously in the nonbankruptcy forum.

    (1) ☒  It is currently set for trial on (*date*) __04/24/2017__ .

    (2) ☐  It is in advanced stages of discovery~~and Movant believes that it will be set for trial by
        (date) _ _ _ _ _ _ _ _. The basis for this belief is (specify)~~:

    (3) ☐  The Nonbankruptcy Action involves non-debtor parties and a single trial in the nonbankruptcy forum
        is the most efficient use of judicial resources.

e. ☐  The bankruptcy case was filed in bad faith specifically to delay or interfere with the prosecution of the
    Nonbankruptcy Action.

    (1) ☐  Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case
        commencement documents.

    (2) ☐  The timing of the filing of the bankruptcy petition indicates it was intended to delay or interfere with
        the Nonbankruptcy Action based upon the following facts (*specify*):

    (3) ☐  Multiple bankruptcy cases affecting the Property include:

        (A) Case name:
            Case number:                    Chapter:
            Date filed:          Date discharged:          Date dismissed:
            Relief from stay regarding this Nonbankruptcy Action   ☐ was   ☐ was not   granted.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                      Page 7                          **F 4001-1.RFS.NONBK.MOTION**

(B) Case name:

Case number:                                    Chapter:

Date filed:                    Date discharged:                Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

(C) Case name:

Case number:                                    Chapter:

Date filed:                    Date discharged:                Date dismissed:

Relief from stay regarding this Nonbankruptcy Action  ☐ was  ☐ was not  granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the
   Nonbankruptcy Action.

☐ See attached continuation page for additional facts establishing that this case was filed in bad faith.

f.    ☒  See attached continuation page for other facts justifying relief from stay.

6.    ☐  Actions taken in the Nonbankruptcy Action *after* the bankruptcy petition was filed are specified in the attached
         supplemental declaration(s).

a.   ☐  These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would
         have been entitled to relief from stay to proceed with these actions.

b.   ☐  Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed
         with the Nonbankruptcy Action enforcement actions in prior bankruptcy cases affecting the Property as set
         forth in Exhibit _____

c.   ☐  For other facts justifying annulment, see attached continuation page.


I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_11/3/16___    __Natasha Chesler_____        _____
Date                    Printed name                                    Signature


This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 8                            F 4001-1.RFS.NONBK.MOTION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16000 Ventura Blvd Suite 1000, Encino, CA 91436

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (ACTION IN NONBANKRUPTCY FORUM)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/04/2016 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 11/04/2016 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**:  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 11/04/2016 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Peter H. Carroll          Served Via FederalExpress
United States Bankruptcy Court
1415 State Street, Suite 230
Santa Barbara, CA 93101-2511

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/04/2016 | M. Swanston | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

In Re: IcRco, Inc.
        Chapter 11, Case No. 9:16-bk-11742PC

Attachment to Proof of Service

1.   Service Via Electronic Notice

William C Beall will@beallandburkhardt.com, carissa@beallandburkhardt.com

Alex Darcy adarcy@askounisdarcy.com,
    rwoolley@askounisdarcy.com,taskounis@askounisdarcy.com

Brian D Fittipaldi brian.fittipaldi@usdoj.gov

Carissa N Horowitz carissa@beallandburkhardt.com, artyc@aol.com;castlesb@aol.com

Steven C Smith ssmith@smith-lc.com, kcanaan@smith-lc.com

United States Trustee (ND) ustpregion16.nd.ecf@usdoj.gov


2.   Service Via U.S. Mail
**Debtor**
IcRco Inc.
26 Coromar Drive
Goleta, CA 93117

**Debtor's Counsel**
William C. Beall
Beall and Burkhardt,
1114 State Street, Suite 200
Santa Barbara, CA 93101

**U.S. Trustee**
Office of the U.S. Trustee
128 E. Carrillo Street
Santa Barbara, CA 93101

**Request for Special Notice**
Commonwealth of Pennsylvania
Department of Labor and Industry
Office of Unemployment Compensation Tax
651 Boas St Room 702
Attn: Rhonda Hunsicker
Harrisburg, PA 17121

Mark T. Kearney Esq.
Smith LC
3161 Michelson Drive, Suite 925
Irvine, CA 92612

**20 Largest Creditors**
**Set Forth on Attached Sheets**

creditor-20 + secured

AGFA
Mail Code 5583
P. O. Box 105046
Atlanta, GA 30348-5046

AGFA HealthCare NV
Septestraat 272640
Mortsel, Belgium

Air-sea Forwarders, Inc.
P.O. Box 90637
Los Angeles, CA 90009

Allied Tri Valley X-Ray
18307 Septo Street
Northridge, CA 91325

Almag Aluminum Inc
22 Finley Road
Brampton, ON L6T 1A9 Canada

American Express
P.O. BOX 0001
Los Angeles, CA 90096

Cambridge Technology, Inc.
P.O. Box 415775
Boston, MA 02241

Consiliant Technologies LLC
15375 Barranca Parkway, A-111
Irvine, CA 92618

Engineered Source, Inc
1577 East Saint Gertrude Place
Santa Ana, CA 92705

ERC Co.
2970 East Maria Steet
Rancho Domin
Compton, CA 90221

Force Fabrication Inc.
2233 Statham Blvd.
Oxnard, CA 93033

Gemini Mfg & Eng, Inc.
1020 East Vermont Avenue

creditor-20 + secured

Anaheim, CA 92805

IED Group Inc.
2630 South Shannon Street
Santa Ana, CA 92704

JSI Customized Logistics Sol.
1535-B Rollins Road
Burlingame, CA 94010

Lin Engineering
16245 Vineyard Boulevard
Morgan Hill, CA 95037

Littler Mendelson
P.O. BOX 45547
San Francisco, 94145

Mark Valentine
c/o Mark T. Kearney
3161 Michelson Drive, Suite 925
Irvine, CA 92612

One Way Industrial Supply, Inc
302 Pine Ave
Goleta, CA 93117

Sealeze - A Unit of Jason, Inc
22465 Network Place
Chicago, IL 60673-2246

Trump Card
30012.Ivy Glenn Drive, Suite 220
Laguna Niguel, CA 92677

TWI Group
P.O. Box 60086
Las Vegas, NV 89160

City National Bank
2100 Park Place, Suite 150
El Segundo, CA 90245

City National Bank
11 Golden Shore, Sixth Floor
Long Beach, CA 90802

Attachment to Motion for Relief From Automatic Stay

9:16-bk-11742PC
Katrina Collins: Movant
IcRco, Inc.   : Debtor

**Para. 2(a):** Los Angeles Superior Court Case No.: BC567717
Causes of Action as stated in Para. 2(d) below.
Case Filed: December 23, 2014

**Para. 2(d).**   Disability Discrimination (FEHA); (2) Failure to
Accommodate (FEHA) (3) Failure to Engage in the Interactive
Process (FEHA (4) Retaliation (FEHA) (5) Wrongful Termination in
Violation of Public Policy (6) Defamation; (7) Violation of Cal.
Lab. Code 1050; (8) Violation of Calor Code 510; (9) Violation of
Cal Lab. Code 226.7, 512,203; (10) Violation of Cal. Lab Code
226; (11) Violation of Cal. Lab. Code 201-203; (12) Violation of
Cal. Bus. & Prof. Code 17200 et seq.

**ATTACHMENT TO DECLARATION OF NATASHA CHESLER**

This Attachment to Declaration supplements the Declaration re:
Action in NonBankruptcy Forum accompanying the within motion for
relief from stay.

The Procedural Status of the Nonbankruptcy action which is
pending before the American Arbitration Association is presently
stayed.   The Trial dates previously set ran from April 28th
through April 27th, 2017.   A true and correct copy of the
Arbitrator's Scheduling Order is Exhibit "D" hereto.   Trial is
anticipated to last approximately four (4) days.

Grounds for Relief From Stay: As of the date of the execution of
this Declaration, the Debtor's insurance policy has not been
produced. Attached hereto as Exhibit "E" is a true and correct
copy of an email from Debtor's state court counsel, Shiva
Shirazi Davoudian dated August 18, 2016.   Per page 2, Ms.
Davoudian advised in RFPD No. 63: "We will produce the full
insurance policy."

The Parties have exchanged a number of documents, and depositions
were set to begin in October, 2016, but are presently stayed.
It is anticipated that it will take approximately 1- 2 months to
complete the depositions.

Attachment to Motion for Relief From Stay
9:16-bk-11742PC
Katrina Collins: Movant
IcRco, Inc.   : Debtor

13

I declare under penalty of perjury that the foregoing is true and correct and that this Attachment to Declaration was executed on the 3ʳᵈ day of ~~October~~, 2016 at _Los Angeles_ , CA
November

_____
NATASHA CHESLER

**Prayer:**
The relief prayed for herein shall be binding in the event of conversion of this case to one under chapter 7, and specifically, to any trustee appointed therein.

Attachment to Motion for Relief From Stay
9:16-bk-11742PC
Katrina Collins: Movant
IcRco, Inc.    : Debtor

1          **MEMORANDUM OF POINTS AND AUTHORITIES**

2    **A.   THE RELIEF PRAYED FOR SHOULD BE GRANTED FOR CAUSE AND IN**

3    **PARTICULAR TO PURSUE APPLICABLE INSURANCE.**

4          11 U.S.C. §362(d)) provides in part:

5          "(d) On request of a party in interest and after notice and a

6    hearing, the court shall grant relief from [the automatic stay], such

7    as by  terminating annulling, modifying, or conditioning such stay -

8          (1) for cause, including the lack of adequate protection of

9    an interest in property of such party in interest; [or]

10         (2) with respect to a stay of an act against property ... if

11   -              (A) the debtor does not have an equity in such

12   property; and

13                 (B) such property is not necessary to an effective

14   reorganization; ..."

15         "The decision whether to grant or deny stay relief is within the

16   broad discretion of the bankruptcy court." In re Kronemyer, 405 B.R.

17   at 919

18        Movant is a creditor of the Debtor and has standing to pursue the

19   relief prayed for herein.   Section 1109 of the bankruptcy code refers

20   to a "party in interest" as one having standing to pursue stay relief.

21   "The Code does not define the term "party in interest," but section

22   1109 suggests that the term includes... a Creditor..." Collier

23   Bankruptcy Manual, Fourth Ed., Sec. 362-61, Sec. 362.07[2]

24        Prior to the petition date, Movant and Debtor engaged in

25   substantial written discovery.   During the discovery process, Debtor

26   produced responses indicating the existence of an insurance policy

27   Memorandum of Points and
     Authorities in Support of Motion
28   For Relief From Stay

1  applicable to the underlying AAA proceeding.

2      Relief from the automatic stay may  be granted when necessary to

3  permit litigation to be concluded in another forum,  and therefore,

4  relief is appropriate. *IBM v. Fernstrom Storage & Van Co.* (In re

5  Fernstrom Storage & Van Co., ) 938 F.2d 731 (7th Cir. 1991.  See also

6  In the *Matter of Holtkamp* (7th Cir. 1982) 669 F2d 505,505-509 wherein

7  the court allowed the underlying state court action to proceed when

8  the claim was covered by insurance.

9      The case of *In re Plumberex Specialty Products, Inc.* [311 B.R.

10 552, June, 2004] discusses a number factors courts consider in

11 deciding whether to grant relief from stay.  "Twelve nonexclusive

12 factors were discussed in *In re Curtis*, 40 B.R. 795 (Bankr.D.Utah

13 1984), as issues a bankruptcy court might weigh in determining whether

14 to lift the stay to permit pending litigation to continue in another

15 forum:" The factors and the arguments follow:

16     "1. Whether the relief will result in a partial or complete

17 resolution of the issues;"

18     Allowing the matter to proceed to conclusion before the

19 American Arbitration Association will allow for a complete resolution

20 of the issues and liquidation of the Movant's claim.

21     "2. The lack of any connection with or interference with the

22 bankruptcy case;"

23     Debtor has indicated that there is available insurance, and even

24 if there is not, the same discovery and trial on any objection to

25 claim will need to be conducted, necessitating the same expenses being

26 incurred by both parties.

27
   Memorandum of Points and
   Authorities in Support of Motion
28 For Relief From Stay

16

1     "3. Whether the foreign proceeding involves the debtor as a
2 fiduciary;"

3     This provision is not applicable.

4     "4. Whether a specialized tribunal has been established to hear
5 the particular cause of action and whether that tribunal has the
6 expertise to hear such cases;"

7     Litigation of the issues as described in the Motion are routinely
8 heard before the American Arbitration Association.

9     "5. Whether the debtor's insurance carrier has assumed full
10 financial responsibility for defending the litigation;"

11     This issue remains an unknown until the insurance policy which
12 Debtor represented exists, is produced.

13     "6. Whether the action essentially involves third parties, and
14 the debtor functions only as a bailee or conduit for the goods or
15 proceeds in question;"

16     Not Applicable

17     "7. Whether the litigation in another forum would prejudice the
18 interests of other creditors, the creditors' committee and other
19 interested parties;"

20     Debtor would not be prejudiced if stay relief were granted.
21 Arbitration before AAA would simply liquidate the Movant's claim
22 against the Debtor's estate.  If there is available insurance, it
23 would allow the case to proceed to conclusion thereby liquidating the
24 Movant's claim, and reducing or eliminating any future claim against
25 the estate, to the benefit of the Debtor.

26     "8. Whether the judgment claim arising from the foreign action is

27 Memorandum of Points and
   Authorities in Support of Motion
28 For Relief From Stay

1   subject to equitable subordination under Section 510(c);"

2        Not Applicable

3        "9. Whether movant's success in the foreign proceeding would

4   result in a judicial lien avoidable by the debtor under Section

5   522(f);"

6        Not applicable

7        "10. The interests of judicial economy and the expeditious and

8   economical determination of litigation for the parties;"

9        See response to item 2, above.   Judicial economy favors

10  granting relief from stay which the underlying matter has already

11  substantially progressed.  Allowing its completion finishes the case,

12  liquidates the Movant's claim against the debtor in an expedient and

13  efficient fashion and provides the debtor with the ability to

14  determine the ultimate distribution to creditors in any future chapter

15  11 plan.

16        "11. Whether the foreign proceedings have progressed to the point

17  where the parties are prepared for trial, and

18        As stated, only depositions need to be completed in advance of

19  arbitration. (See Chesler Declaration)

20        "12. The impact of the stay on the parties and the "balance of

21  hurt,"

22        If there is insurance, Movant is prejudiced in not being able to

23  pursue her recovery against an available policy.  Movant has already

24  conducted substantial written discovery and is ready to proceed to

25  arbitration in April, 2017 when the matter has been scheduled.

26        Debtor has not yet established a bar date for filing claims, let

27  Memorandum of Points and
    Authorities in Support of Motion
28  For Relief From Stay

1  alone set the stage for the objection process which will require the

2  same litigation to be completed as contemplated by this Motion.

3  The fact that litigation costs may be incurred by the Debtor is not

4  require a court to deny relief from the automatic stay (*In re Santa*

5  *Clara County Fair Ass'n, Inc.* (9th Cir. BAP 1995) 180 BR 564,566

6  **B.   RELIEF FROM STAY IS PROPER AS IT AFFORDS MOVANT THE OPPORTUNITY TO**

7  **LIQUIDATE HER CLAIM, WHICH WILL BE A REQUIREMENT IN THIS CHAPTER 11**

8  **PROCEEDING.**

9      Even if the Debtor is not insured, or if there is inadequate

10  insurance, judicial economy dictates granting relief from stay in

11  order to allow Movant to liquidate the amount of her claim.  See *In re*

12  *Neal* (BC D ID 1994) 176 BR 30, 30-34.

13      Nothing contained in this motion seeks relief to levy upon any

14  assets of the Debtor.  The majority of discovery in the AAA proceeding

15  has been completed, with the exception of a few deposition and

16  thereafter, arbitration on the merits.   Preparation for arbitration,

17  regardless of the case's venue is a reality.

18  **CONCLUSION**

19      For all of the foregoing reasons, Movant prays this court enter

20  an order granting the relief prayed for in the Motion.

21

22  Dated: October 28, 2016

23                                    ALLAN D. SARVER, ESQ.
                                     Attorney for Katrina Collins

24

25

26

27  Memorandum of Points and
    Authorities in Support of Motion
28  For Relief From Stay

14

# AMERICAN ARBITRATION ASSOCIATION
# ONLINE FILING ACKNOWLEDGEMENT

**This confirmation serves as the Demand for Arbitration or Request for Mediation for this filing.**
**To institute proceedings, please send a copy of this form and the parties' dispute resolution agreement to the opposing party.**
**Case # : 01-15-0006-0111**
This will acknowledge receipt of a request for dispute resolution services for the claim and parties detailed below.

| | |
|---|---|
| This claim has been filed for | Arbitration |
| This matter has been filed in accordance with | Employment Arbitration Rules |
| The fee paid at the time of filing was | $200.00 |
| This request was received by the AAA on | 17-Dec-2015 |

**Claim Description**
Respondent terminated Claimant while she was on disability leave without even attempting to engage in the interactive process to accommodate her. In addition, Respondent misclassified Claimant and failed to pay all wages owing. Respondent further failed to comply with Labor Code requests for her personnel file, wage documents, and all signed documents. Thus, Claimant brings the following claims: (1) Disability Discrimination (FEHA); (2) Failure to Accommodate (FEHA); (3) Failure to Engage in the Interactive Process (FEHA); (4) Retaliation (FEHA); (5) Wrongful Termination in Violation of Public Policy; (6) Defamation; (7) Violation of Cal. Lab. Code 1050; (8) Violation of Cal. Lab. Code 510; (9) Violation of Cal. Lab. Code 226.7, 512, 203; (10) Violation of Cal. Lab. Code 226; (11) Violation of Cal. Lab. Code 201-203; (12) Violation of Cal. Bus. & Prof. Code 17200 et seq.
Claim Amount
Do you have a Non-monetary aspect to your claim?        N
Additional Damages

                                                                                    Amount

Wage Code
**Fee Schedule Option**                          Standard
**ADR Agreement**                                See attached

**Parties and Representatives**

**Party 1**

| | |
|---|---|
| Category | Employee |
| Name | Katrina Collins |
| Company Name | N/A |
| Address | c/o Chesler McCaffrey LLP |
| | 11377 W Olympic Blvd. #500 |
| | Los Angeles, CA 90064 |

Phone
Fax

Email                         nrc@cmlegal.com
The Party is the              Company


### Representative 1

Name                          Natasha Chesler
Firm Name                     Chesler McCaffrey LLP
Address                       11377 W Olympic Blvd. #500
                              Los Angeles, CA 90064
Phone                         (310)882-6407
Fax                           ()-
Email                         nrc@cmlegal.com

### Party 2

Category                      Employer
Name                          N/A  N/A
Company Name                  ICRCO, Inc.
Address                       26 Coromar Dr.
                              Goleta, CA 93117
Phone
Fax
Email
The Party is the              Individual


### Representative 2

Name                          Robert  Rowlett
Firm Name                     Rowlett Law Firm
Address                       26933 Camino De Estrella 2FL
                              Dana Point, CA 92624
Phone                         (949)481-3000
Fax
Email

21

COPY

1 | TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
NATASHA CHESLER (S.B. #227540)
2 | CHESLER McCAFFREY LLP
11377 West Olympic Boulevard, Suite 500
3 | Los Angeles, California 90064-1683
Telephone: (310) 882-6407
4 | Facsimile: (310) 882-6359

5 | Attorneys for Plaintiff
Katrina Collins

6

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 23 2014

Sherri R. Carter, Executive Officer/Clerk
By Shaunya Bolden, Deputy

7

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

                          COUNTY OF LOS ANGELES

9                                               BC 5 6 7 7 1 7

10 | KATRINA COLLINS,                    CASE NO.

11 |            Plaintiff,               **COMPLAINT FOR:**

12 |       vs.                           **(1) DISABILITY DISCRIMINATION
                                         IN VIOLATION OF CAL. GOV'T
13 | iCRco, Inc. a California Corporation, and   CODE §§ 19200 *ET SEQ.*;
     DOES 1 through 10, inclusive,
14 |                                      **(2) FAILURE TO PROVIDE
                Defendants.              REASONABLE ACCOMMODATION
15 |                                      IN VIOLATION OF CAL. GOV'T
                                         CODE §§ 12900 *ET SEQ.*;**
16
                                         **(3) FAILURE TO ENGAGE IN THE
17                                       INTERACTIVE PROCESS IN
                                         VIOLATION OF CAL. GOV'T CODE
18                                       §§ 12900 *ET SEQ.*;**

19                                       **(4) RETALIATION IN VIOLATION
                                         OF CAL. GOV'T CODE §§ 12900 *ET
20                                       SEQ.*;**

21                                       **(5) WRONGFUL TERMINATION IN
                                         VIOLATION OF PUBLIC POLICY;**
22
                                         **(6) DEFAMATION;**
23
                                         **(7) VIOLATION OF CAL. LAB. CODE
24                                       §§ 1050, *ET SEQ.*;**

25                                       **(8) VIOLATION OF CAL. LAB. CODE
                                         § 510**
26
                                         **(9) VIOLATION OF CAL. LAB. CODE
27                                       §§ 226.7, 512, 203;**

28

EXHIBIT
B
COMPLAINT

22

**(10) VIOLATION OF CAL. LAB. CODE § 226;**

**(11) VIOLATION OF CAL. LAB. CODE §§ 201-203; AND**

**(12) VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.***

**REQUEST FOR JURY TRIAL**

Plaintiff Katrina Collins ("Plaintiff" or "Ms. Collins") hereby brings her complaint against the above-named defendants and states and alleges as follows:

**General Allegations**

1.    At all times mentioned herein, and at the time the causes of action arose, Plaintiff was an individual and citizen of the County of Los Angeles, State of California, and at all relevant times was employed by Defendant in the County of Los Angeles. The acts giving rise to Plaintiff's claims occurred in the County of Los Angeles

2.    At all times mentioned herein, and at the time the causes of action arose, Defendant iCRco ("Defendant") is and was a California corporation, with its principal place of business in the County of Los Angeles.

3.    Plaintiff is unaware of the true names and capacities of Defendants sued herein as DOES 1-10, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve an amendment to this complaint alleging the true names and capacities of said fictitiously named Defendants if and when such true names and capacities become known to Plaintiff.

4.    Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

5.    Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants and individuals named herein acted as the employee, agent, partner, alter-ego and/or joint venturer of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the

EXHIBIT 2
COMPLAINT



1 | scope of said relationship and with the permission, consent and ratification of each of the

2 | other Defendants named herein.

3 |      6.     Hereinafter in the complaint, unless otherwise specified, reference to a

4 | Defendant or Defendants shall refer to all Defendants, and each of them.

5 |      7.     Ms. Collins began working for Defendant as an Applications Specialist-

6 | Mammography in approximately November 2012. The essential function of this position was

7 | to teach technologists how to use mammogram machinery and to develop systems for

8 | software and equipment testing. In addition, while not an essential function, Ms. Collins

9 | would also actually perform hardware testing and run reports. At all times, she performed

10 | exemplary in her position. Indeed, by January 2014, her supervisor, Abhinav Singh, assured

11 | her that she would soon be promoted to project manager. Ms. Collins further had discussions

12 | with Janet Burki, Vice President of Engineering (Mr. Singh's manager) regarding this

13 | position and ultimately the three (Ms. Collins, Mr. Singh, and Ms. Burki) held a meeting to

14 | discuss the necessary steps for Ms. Collins to move into the Project Manager role. Defendant

15 | then began the process for her transition into this higher level position.

16 |      8.     On or about February 6, 2014, Ms. Collins suffered an industrial injury

17 | resulting in a right shoulder strain, biceps tendonitis, and impingement syndrome. On

18 | February 12, 2014, Ms. Collins provided Defendant with a doctor's note specifying that she

19 | required accommodations for her disability, specifically "[n]o repetitive use of the right

20 | shoulder, prefer computer work if available." Defendant, however, refused to provide her

21 | any accommodation. Nor did Defendant engage in any interactive process with Ms.

22 | Collins to identify any possible accommodations. Instead, Defendant continued to have Ms.

23 | Collins work beyond her medical restrictions. On February 26, 2014, Ms. Collins again

24 | visited her physician, who added that Ms. Collins not perform work above shoulder level, in

25 | addition to the prior restrictions. Again, however, Defendant refused to honor these requests

26 | and continued to have Ms. Collins work beyond her restrictions without engaging in any

27 | interactive process with her.

28 |      9.     Ms. Collins spoke with both her supervisor and Xochitl Boehm, Human



1 │ Resources Director, several times about her need for an accommodation, but they continually
2 │ refused to provide her one. On March 12, 2014, Ms. Collins again sought medical treatment.
3 │ Again her physician changed her restrictions to "NO WORK WITH [THE] RIGHT ARM
4 │ INCLUDING COMPUTER WORK, NO LIFTING WITH RIGHT ARM" in the hopes that
5 │ Defendant would then take the restrictions seriously because its failure to accommodate was
6 │ causing and/or exacerbating her physical injury. Defendant, however, again continued to
7 │ have Ms. Collins work beyond her restrictions for at least two days without any
8 │ accommodation. Then, on or about March 14, 2014, Ms. Boehm met with Ms. Collins and
9 │ sent her home early placing her on a disability leave of absence. Notably, there were lesser
10 │ accommodations that could have been provided, such as assigning Ms. Collins to the vacant
11 │ Project Manager position, that Defendant had promised her prior to her becoming disabled.
12 │ Defendant, however, reneged on this promise and engaged in no interactive process
13 │ whatsoever. Instead, Defendant simply placed Ms. Collins on an unpaid leave without
14 │ offering her any other choice.

15 │     10.    On May 12, 2014, while Ms. Collins was still out on her disability leave,
16 │ Defendant sent out an email regarding an "Organizational Announcement." Ms. Collins was
17 │ copied on this email. In the email, Ms. Boehm announced that Millie Cruz was joining
18 │ Defendant as a new "Applications Specialist/QA/QC" working in both Torrance and Goleta.
19 │ The email further explained that Ms. Cruz was going to "be taking on the lead for
20 │ [Defendant's] mammography programs, and will work in apps dealing with mammography
21 │ and general radiography and perform QC processes in Goleta." She was also to spend time in
22 │ Torrance to become familiar with processes and the team. Ms. Cruz was also to report to Ms.
23 │ Collins' supervisor, Mr. Singh. This announcement essentially confirmed that Ms. Cruz was
24 │ replacing Ms. Collins in her position (i.e., it was merely a change in title, not duties).

25 │     11.    Concerned, Ms. Collins immediately contacted Ms. Boehm and left a message
26 │ asking what was going on with her position. She also sent several emails to both Ms. Boehm
27 │ and Mr. Singh asking for an explanation (i.e., was she still employed). Mr. Singh
28 │ accidentally replied all to the email asking Ms. Boehm how he should respond. Then Ms.

4
COMPLAINT

1 Boehm sent an email stating: "We hired Millie Cruz to assist us with our continuing needs in

2 mamo. Since there has not been a change to what your current restrictions are, iCRco needed

3 to fill the role. Along with the transition of operations to Goleta, iCRco needed an individual

4 with a broader skill set and there will no longer be a mamo only position based in Torrance.

5 Please give me a call tomorrow to discuss. Thank you."

6      12.    Ms. Collins called Ms. Boehm the following day as requested. Again, Ms.

7 Boehm told her that her position had been eliminated. Ms. Collins was stunned. She

8 explained that she was still undergoing treatment, had only been on leave a short time, and

9 further that she had seen her doctor that same day and her restrictions had changed.

10 (Specifically, the physician had changed her restrictions to "no forceful pushing/pulling, no

11 work at/above shoulder level [with the right arm], and computer use limited to 30 minutes per

12 hour." (The physician further noted that she was to return on June 26, 2014 for the next visit

13 as treatment was still continuing.) Ms. Boehm just kept insisting that the position had been

14 "eliminated."

15      13.    On May 14, 2014, Defendant sent Ms. Collins a letter stating that her

16 employment was "terminated effective May 12, 2014…due to the significant restrictions from

17 [her] doctor as to what [she is] able to perform with [her] shoulder; and [Defendant] needing

18 to continue to have [her] position performed with additional responsibilities, as well as []

19 operations moving from Torrance to Goleta."

20      14.    But these reasons were clearly pretextual and based on erroneous assumptions

21 about Ms. Collins' ability to perform the essential functions of her position or other available

22 positions. First, the position had not been "eliminated." Indeed, Ms. Collins had already

23 been performing these alleged additional duties. Second, the move to Goleta was a long time

24 coming and Ms. Collins had already informed Defendant that she was fine working from the

25 new location. Finally, Ms. Collins' restrictions had in fact changed – she had been released

26 to perform computer work. And the restrictions did not impede the essential functions of Ms.

27 Collins' position, teaching technologists how to use mammogram machinery and developing

28 systems for software and equipment testing. Moreover, Ms. Collins was still undergoing

1 treatment and extending her short leave of absence was a reasonable and feasible

2 accommodation. There simply was no legitimate reason to terminate her employment.

3      15.   On or about June 30, 2014, Plaintiff filed charges of discrimination with the

4 Department of Fair Employment and Housing and obtained an immediate right-to-sue notice.

5 Plaintiff has exhausted her administrative remedies. In addition, pursuant to California Labor

6 Code § 2699.3, Plaintiff took the initiative to notify the Labor and Workforce Development

7 Agency ("LWDA") of these violations, including the facts and theories to support the

8 violations, on or about December 22, 2014. To date, the LWDA has not notified Plaintiff

9 whether it would investigate the violations detailed in her letter. Plaintiff reserves the right to

10 amend the complaint once she receives a response from the LWDA. Accordingly, Plaintiff

11 has followed the appropriate steps to enable her to pursue civil penalties pursuant to

12 California Labor Code § 2699 for Defendant's California Labor Code violations and violation

13 of California Business & Professions Code §§ 17200 *et seq.*, as alleged herein.

14 **FIRST CAUSE OF ACTION**

15 **(DISABILITY DISCRIMINATION**

16 **IN VIOLATION OF CAL. GOV'T CODE §§ 12900 *ET SEQ.***

17 **AGAINST ALL DEFENDANTS)**

18      16.   Plaintiff realleges and incorporates herein paragraphs 1 through 15 of this

19 complaint as though fully set forth.

20      17.   Under the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code

21 §§ 12900 *et seq.*, it is an unlawful employment practice for an employer to discharge an

22 employee in whole or in part because of an employee's actual or perceived disability and/or

23 medical condition. *See, e.g.*, Cal. Gov't Code § 12940(a).

24      18.   As set forth above, Plaintiff suffers/suffered from a disability under California

25 law because she suffers from right shoulder strain, biceps tendonitis, and impingement

26 syndrome and/or other disabilities affecting her shoulder that limit her in several major life

27 activities, including, but not limited to, lifting, pulling, pushing, and other everyday activities.

28 Plaintiff made Defendant aware of her disability and/or medical condition on numerous

6

EXHIBIT B

1  occasions and requested reasonable accommodations for his disability and/or medical
2  condition, *e.g.* a leave of absence, restrictions on lifting, pulling and pushing, on numerous
3  occasions. (Thus, Defendant also regarded Plaintiff as disabled.) Defendant, however, failed
4  to provide Plaintiff with the requested accommodations and insisted that Plaintiff work
5  beyond her restrictions without any accommodation. Nor did Defendant engage in any
6  "interactive process" with Plaintiff. Moreover, there were reasonable accommodations
7  Defendant could have made without undue hardship. For example, the Project Manager
8  position Defendant promised Ms. Collins prior to her becoming disabled. There were also
9  several other positions available for which Plaintiff was qualified and could be performed
10 regardless of Ms. Collins' restrictions, such as the Sales Assistant position that was filled
11 while Plaintiff was on leave. Yet Defendant did not even tell Ms. Collins about this position.
12 Furthermore, Defendant could easily have extended Ms. Collins' short leave of absence and
13 held her position as a reasonable accommodation. But Defendant failed to do so – or even
14 engage in any dialogue with Ms. Collins whatsoever to explore reasonable alternatives.
15 Instead, Defendant terminated Ms. Collins because it claimed she required an accommodation
16 to perform her job. Thus, Defendant failed to accommodate Ms. Collins and it led directly to
17 the termination of her employment. Moreover, Defendant's reasons to terminate Ms. Collins
18 were clearly pretextual and based on erroneous assumptions about Ms. Collins' ability to
19 perform the essential functions of her position or other available positions. Defendant, thus,
20 terminated Plaintiff because of her disability and/or perceived disability in violation of the
21 FEHA.

22     19.     As a direct, legal, and proximate result of Defendant's conduct, as alleged
23 above, Plaintiff endured emotional distress, loss of wages and benefits pursuant to which
24 Plaintiff is entitled to general and special damages according to proof.

25     20.     As a further direct, legal and proximate result of Defendant's conduct, Plaintiff
26 was caused to and did employ the services of counsel to prosecute this action, and is
27 accordingly entitled to an award of attorneys' fees according to proof.

28     21.     Plaintiff is informed and believes and thereupon alleges that Defendant's

1  actions and each of them were taken with malice, oppression, fraud, and/or willful and

2  conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing

3  agents and/or ratified by Defendant. Plaintiff is therefore entitled to punitive damages in an

4  amount to be determined at trial.

5  ### SECOND CAUSE OF ACTION

6  ### (FAILURE TO PROVIDE REASONABLE ACCOMMODATION

7  ### IN VIOLATION OF CAL. GOV'T CODE §§ 12900 *ET SEQ.*

8  ### AGAINST ALL DEFENDANTS)

9  22.    Plaintiff realleges and incorporates herein paragraphs 1 through 21 of this

10  complaint as though fully set forth.

11  23.    Under the FEHA, it is an unlawful employment practice for an employer to fail

12  to offer a reasonable accommodation to an employee with an actual or perceived disability.

13  *See, e.g.,* Cal. Gov't Code § 12940(m).

14  24.    As set forth above, Plaintiff suffers/suffered from a disability under California

15  law because she suffers from right shoulder strain, biceps tendonitis, and impingement

16  syndrome and/or other disabilities affecting her shoulder that limit her in several major life

17  activities, including, but not limited to, lifting, pulling, pushing, and other everyday activities.

18  Plaintiff made Defendant aware of her disability and/or medical condition on numerous

19  occasions and requested reasonable accommodations for his disability and/or medical

20  condition, *e.g.* a leave of absence, restrictions on lifting, pulling and pushing, on numerous

21  occasions. (Defendant also clearly regarded Plaintiff as disabled.) Defendant, however,

22  failed to provide Plaintiff with the requested accommodations and insisted that Plaintiff work

23  beyond her medical restrictions without any accommodation. Moreover, there were

24  reasonable accommodations Defendant could have made without undue hardship. For

25  example, the Project Manager position Defendant promised Ms. Collins prior to her

26  becoming disabled. There were also several other positions available for which Plaintiff was

27  qualified and could be performed regardless of Ms. Collins' restrictions, such as the Sales

28  Assistant position that was filled while Plaintiff was on leave. Yet Defendant did not even

1  tell Ms. Collins about this position. Furthermore, Defendant could easily have extended Ms.

2  Collins' short leave of absence and held her position as a reasonable accommodation. But

3  Defendant failed to do so – or even engage in any dialogue with Ms. Collins whatsoever to

4  explore reasonable alternatives. Instead, Defendant terminated Ms. Collins because it

5  claimed she required an accommodation to perform her job. Defendant, thus, failed to

6  reasonably accommodate Plaintiff in violation of the FEHA.

7      25.    As a direct, legal, and proximate result of Defendant's conduct, as alleged

8  above, Plaintiff endured emotional distress, loss of wages and benefits, and exacerbated her

9  physical injury pursuant to which Plaintiff is entitled to general and special damages

10  according to proof.

11      26.    As a further direct, legal and proximate result of Defendant's conduct, Plaintiff

12  was caused to and did employ the services of counsel to prosecute this action, and is

13  accordingly entitled to an award of attorneys' fees according to proof.

14      27.    Plaintiff is informed and believes and thereupon alleges that Defendant's

15  actions and each of them were taken with malice, oppression, fraud, and/or willful and

16  conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing

17  agents and/or ratified by Defendant. Plaintiff is therefore entitled to punitive damages in an

18  amount to be determined at trial.

19                    **THIRD CAUSE OF ACTION**

20          **(FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

21          **IN VIOLATION OF CAL. GOV'T CODE §§ 12900 *ET SEQ.***

22                    **AGAINST ALL DEFENDANTS)**

23      28.    Plaintiff realleges and incorporates herein paragraphs 1-27 of this complaint as

24  though fully set forth.

25      29.    Under the FEHA, it is an unlawful employment practice for an employer to fail

26  to engage in a timely, good-faith interactive process with an actual or perceived disabled

27  employee to determine if a reasonable accommodation exists. *See, e.g.*, Cal. Gov't Code

28  § 12940(n).

30.    As set forth above, Plaintiff suffers/suffered from a disability under California law because she suffers from right shoulder strain, biceps tendonitis, and impingement syndrome and/or other disabilities affecting her shoulder that limit her in several major life activities, including, but not limited to, lifting, pulling, pushing, and other everyday activities. Plaintiff made Defendant aware of her disability and/or medical condition on numerous occasions and requested reasonable accommodations for his disability and/or medical condition, e.g. a leave of absence, restrictions on lifting, pulling and pushing, on numerous occasions. (Thus, Defendant also regarded Plaintiff as disabled.) Defendant, however, failed to provide Plaintiff with the requested accommodations and insisted that Plaintiff work beyond her restrictions without any accommodation. Nor did Defendant engage in any "interactive process" with Plaintiff. Moreover, there were reasonable accommodations Defendant could have made without undue hardship. For example, the Project Manager position Defendant promised Ms. Collins prior to her becoming disabled. There were also several other positions available for which Plaintiff was qualified and could be performed regardless of Ms. Collins' restrictions, such as the Sales Assistant position that was filled while Plaintiff was on leave. Yet Defendant did not even tell Ms. Collins about this position. Furthermore, Defendant could easily have extended Ms. Collins' short leave of absence and held her position as a reasonable accommodation. But Defendant failed to do so – or even engage in any dialogue with Ms. Collins whatsoever to explore reasonable alternatives. Instead, Defendant terminated Ms. Collins because it claimed she required an accommodation to perform her job. Thus, Defendant failed to accommodate Ms. Collins and it led directly to the termination of her employment. Moreover, Defendant's reasons to terminate Ms. Collins were clearly pretextual and based on erroneous assumptions about Ms. Collins' ability to perform the essential functions of her position or other available positions. Defendant, thus, terminated Plaintiff because of her disability and/or perceived disability in violation of the FEHA.

31.    Plaintiff's requests for an accommodation triggered Defendant's obligation to engage in a good-faith interactive process to determine if any accommodation existed for

1    Plaintiff's disability.  Instead of engaging in a good-faith interactive process with Plaintiff to

2    determine what positions were available or what changes could be made to her current job

3    such that she could continue to do it, Defendant terminated Plaintiff's employment for

4    pretextual reasons.  Defendant, thus, failed to engage in a good-faith interactive process in

5    violation of the FEHA.

6        32.    As a direct, legal, and proximate result of Defendant's conduct, as alleged

7    above, Plaintiff endured emotional distress, loss of wages and benefits, and exacerbated her

8    physical injury pursuant to which Plaintiff is entitled to general and special damages

9    according to proof.

10       33.    As a further direct, legal and proximate result of Defendant's conduct, Plaintiff

11   was caused to and did employ the services of counsel to prosecute this action, and is

12   accordingly entitled to an award of attorneys' fees according to proof.

13       34.    Plaintiff is informed and believes and thereupon alleges that Defendant's

14   actions and each of them were taken with malice, oppression, fraud, and/or willful and

15   conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing

16   agents and/or ratified by Defendant.  Plaintiff is therefore entitled to punitive damages in an

17   amount to be determined at trial.

18                    **FOURTH CAUSE OF ACTION**

19      **(RETALIATION IN VIOLATION OF CAL. GOV'T CODE §§ 12900 ET SEQ.**

20                     **AGAINST ALL DEFENDANTS)**

21       35.    Plaintiff realleges and incorporates herein paragraphs 1 through 34 of this

22   complaint as though fully set forth.

23       36.    Under the FEHA, it is an unlawful employment practice for an employer to

24   suspend and/or terminate an employee as retaliation for raising concerns about unlawful or

25   what they perceive to be unlawful discrimination and/or failure to accommodate a disability.

26   As set forth more fully above, Defendant not only refused to accommodate Plaintiff, once

27   Plaintiff engaged in protected activity (i.e, demanded compliance with the FEHA), Defendant

28   then summarily terminated her employment.  Defendant, thus, retaliated against Plaintiff in

1 | violation of the FEHA.

2 |     37.    As a direct, legal, and proximate result of Defendants' conduct, as alleged

3 | above, Plaintiff endured emotional distress, loss of wages and benefits pursuant to which

4 | Plaintiff is entitled to general and special damages according to proof.

5 |     38.    As a further direct, legal and proximate result of Defendants' conduct, Plaintiff

6 | was caused to and did employ the services of counsel to prosecute this action, and is

7 | accordingly entitled to an award of attorneys' fees according to proof.

8 |     39.    Plaintiff is informed and believes and thereupon alleges that Defendants'

9 | actions and each of them were taken with malice, oppression, fraud, and/or willful and

10 | conscious disregard of Plaintiff's rights, and were carried out by Defendants' managing

11 | agents and/or ratified by Defendant. Plaintiff is therefore entitled to punitive damages in an

12 | amount to be determined at trial.

13 | ### FIFTH CAUSE OF ACTION

14 | ### (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

15 | ### AGAINST ALL DEFENDANTS)

16 |     40.    Plaintiff realleges and incorporates herein paragraphs 1 through 39 of this

17 | complaint as though fully set forth.

18 |     41.    It is against fundamental and well established public policy to discharge an

19 | employee because of her disability, and/or to circumvent accommodating the employee

20 | and/or engaging in the interactive process, and/or because the employee filed a workers'

21 | compensation claim. These fundamental public policies are embodied in the FEHA and the

22 | California Constitution, and California Labor Code. *See, e.g.*, Cal. Gov't Code § 12940(a),

23 | (m), (n). It is also against a fundamental public policy of the State of California to discharge

24 | or otherwise retaliate against an employee who files or threatens to file a claim for workers'

25 | compensation benefits. *See* Cal. Lab. Code § 132a.

26 |     42.    As set forth above, Defendant discharged Plaintiff in whole, or in part in

27 | violation of these fundamental public policies. Defendant, thus, committed the tort of

28 | wrongful discharge in violation of public policy.

43.    As a direct, legal, and proximate result of Defendant's conduct, as alleged above, Plaintiff endured emotional distress, loss of wages and benefits pursuant to which Plaintiff is entitled to general and special damages according to proof.

44.    Plaintiff is informed and believes and thereupon alleges that Defendant's actions and each of them were taken with malice, oppression, fraud, and/or willful and conscious disregard of Plaintiff's rights, and were carried out by Defendant's managing agents and/or ratified by Defendant. Plaintiff is therefore entitled to punitive damages in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## (DEFAMATION AGAINST ALL DEFENDANTS)

45.    Plaintiff realleges and incorporates herein paragraphs 1 through 44 of this complaint as though fully set forth.

46.    Following her unlawful termination, Defendant – by and through its CEO Stephen Neushul and/or its manager Abhinav Singh made false and unprivileged statements about Ms. Collins – namely that the company terminated her because it did not have a "positive" experience with her and further, that Defendant terminated Ms. Collins for performance related reasons. Defendant made these statements beginning in approximately October 2014. Defendant made these statements to at least one potential employer (Inner Images), who then refused to hire Plaintiff because of these false statements.

47.    These statements are false as they apply to Plaintiff.

48.    These statements are slanderous on their face because they tend to injure Plaintiff's reputation and occupation – and have so injured Plaintiff.

49.    As a proximate result of the above-described publication, Plaintiff has suffered loss of her reputation, hurt feelings and other emotional distress, all to her general damage. In addition, Plaintiff has not been able to obtain gainful employment.

50.    The above-described publication was made by Defendant with malice, oppression, and/or fraud in that it was done with the malicious intent to cause harm to Plaintiff and, thus, Plaintiff seeks an award of punitive damages.

## SEVENTH CAUSE OF ACTION

### (VIOLATION OF CAL. LABOR CODE §§ 1050 *ET SEQ*. AGAINST ALL DEFENDANTS)

51.     Plaintiff realleges and incorporates herein paragraphs 1 through 50 of this complaint as though fully set forth.

52.     As set forth above, Defendant – by and through its CEO Stephen Neushul and/or its manager Abhinav Singh made false and unprivileged statements about Ms. Collins – namely that the company terminated her because it did not have a "positive" experience with her and further, that Defendant terminated Ms. Collins for performance related reasons. Defendant made these statements beginning in approximately October 2014.  Defendant made these statements to at least one potential employer (Inner Images), who then refused to hire Plaintiff because of these false statements.

53.     These statements are false as they apply to Plaintiff.

54.     By these misrepresentations, Defendant prevented and/or attempted to prevent Plaintiff (a former employee) from obtaining employment in violation of California Labor Code § 1050.

55.     As a proximate result of the above-described publication, Plaintiff has suffered loss of her reputation, hurt feelings and other emotional distress, all to her general damage. In addition, Plaintiff has not been able to obtain gainful employment.  Thus, Plaintiff hereby brings this action pursuant to California Labor Code § 1054 and seeks treble damages as provided thereunder in addition to prejudgment interest pursuant to California Code of Civil Procedure § 3287.

56.     The above-described publication was made by Defendant with malice, oppression, and/or fraud in that it was done with the malicious intent to cause harm to Plaintiff and, thus, Plaintiff seeks an award of punitive damages.

## EIGHTH CAUSE OF ACTION

## (VIOLATION OF CALIFORNIA LABOR CODE § 510

## AGAINST ALL DEFENDANTS)

57.     Plaintiff realleges and incorporates herein paragraphs 1 through 15 of this complaint as though fully set forth.

58.     During the entirety of Plaintiff's employment, Defendant classified Plaintiff as an "exempt" employee. But Plaintiff exercised no independent discretion or judgment in carrying out her duties. Ms. Collins was the functional equivalent of a "production line" employee – basically carrying out the function of Defendant's business in providing medical equipment and customer support therefor. Plaintiff was, thus a non-exempt employee under the California Labor Code and the applicable Wage Order of the Industrial Welfare Commission. Plaintiff was, therefore, entitled to overtime compensation, but Defendant did not pay it.

59.     Under California Labor Code § 510, Plaintiff was entitled to one and one-half times her regular rate of pay for any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek; and two times her regular rate of pay for any work in excess of twelve (12) hours in one workday. Plaintiff worked such overtime hours, but defendant failed to pay Plaintiff overtime compensation during her employment in violation of California Labor Code § 510.

60.     California Labor Code § 1194 authorizes Plaintiff to bring an action for unpaid overtime compensation. Pursuant to California Labor Code § 1194(a), Plaintiff hereby brings a claim for unpaid overtime pay, interest, and attorneys' fees.

61.     As a direct, legal, and proximate result of Defendant's conduct, as alleged above, Plaintiff has suffered a loss of wages and/or compensation according to proof. Plaintiff is also entitled to penalties in an amount to be proven at trial under California Labor Code §§ 203, 210, 558, 2699 because Defendant did not pay Plaintiff accurately in a timely manner for the overtime that she worked during her employment and upon her unlawful discharge. Plaintiff is entitled to interest on all amounts due under California Labor Code

1 | § 218.6.

2 | 62.   As a further direct, legal and proximate result of Defendant's conduct, Plaintiff

3 | was caused to and did employ the services of counsel to prosecute this action, and is

4 | accordingly entitled to an award of attorneys' fees according to proof pursuant to California

5 | Labor Code §§ 218.5, 1194(a), 2699.

6 | ### NINTH CAUSE OF ACTION

7 | ### (VIOLATION OF CALIFORNIA LABOR CODE §§ 226.7, 512, 203

8 | ### AGAINST ALL DEFENDANTS)

9 | 63.   Plaintiff realleges and incorporates herein paragraphs 1 through 14 and 57

10 | through 62 of this complaint as though fully set forth.

11 | 64.   During the entirety of Plaintiff's employment, Defendant classified Plaintiff as

12 | an "exempt" employee. But Plaintiff exercised no independent discretion or judgment in

13 | carrying out her duties. Ms. Collins was the functional equivalent of a "production line"

14 | employee – basically carrying out the function of Defendant's business in providing medical

15 | equipment and customer support therefor. Plaintiff was, thus a non-exempt employee under

16 | the California Labor Code and the applicable Wage Order of the Industrial Welfare

17 | Commission. Plaintiff was, therefore, entitled to meal and rest breaks, but Defendant did not

18 | authorize and/or permit them.

19 | 65.   Under California Labor Code § 226.7, Plaintiff is entitled to at least one hour of

20 | premium pay for each failure of Defendant to authorize and/or permit statutorily required rest

21 | periods and/or meal periods.

22 | 66.   Plaintiff has been damaged by Defendant's violation of California Labor Code

23 | § 226.7, and therefore seeks recovery of unpaid wages, interest, and attorneys' fees, and

24 | costs, in addition to penalties under California Labor Code §§ 203, 210, 218.5, 218.6, 226,

25 | 226.3, 558, 1194(a), and/or 2699 because Defendant did not pay Plaintiff accurately in a

26 | timely manner for the rest periods and/or meal periods she was deprived of during her

27 | employment and/or upon her discharge.

28 |

37

*B*

## TENTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA LABOR CODE § 226
### AGAINST ALL DEFENDANTS)

67.   Plaintiff realleges and incorporates herein paragraphs 1 through 15 and 57 through 66 of this complaint as though fully set forth.

68.   California Labor Code § 226 requires employers to provide an accurate itemized statement showing the total wages due to the employee for the pay period. Cal. Lab. Code § 226(a). As set forth above, Defendant failed to authorize and/or permit Plaintiff with required meal and/or rest breaks and/or failed to pay Plaintiff overtime and all wages due. Defendant accordingly owed Plaintiff premium pay as wages for those missed meal and/or rest breaks and/or additional earned compensation. But Defendant failed to pay such wages. Nor did it provide Plaintiff with a pay stub that accurately reflected these wages due and/or the hours worked. Defendant, thus, violated California Labor Code § 226 for these and other reasons.

69.   Defendant's failure to comply with California Labor Code § 226(a) was knowing and intentional and Plaintiff is entitled to statutory penalties or actual damages under California Labor Code § 226(e).

70.   Plaintiff also hereby seeks civil penalties pursuant to California Labor Code § 226.3, which provides that any employer who violates California Labor Code § 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation in an initial citation and $1,000 per employee for each violation in a subsequent citation. Under California Labor Code § 2699, Plaintiff is entitled to her share of this civil penalty because Defendant's violation was knowing, intentional, and certainly not inadvertent or due to a clerical error.

71.   Plaintiff also hereby requests attorneys' fees, costs, and interest pursuant to California Labor Code §§ 226(g), 2699.

## ELEVENTH CAUSE OF ACTION

### (FAILURE TO TIMELY PAY WAGES DUE
### IN VIOLATION OF CALIFORNIA LABOR CODE §§ 201-203
### AGAINST ALL DEFENDANTS)

72.   Plaintiff realleges and incorporates herein paragraphs 1 through 15 and 57 through 71 of this complaint as though fully set forth.

73.   As set forth above, Defendant failed to pay Plaintiff overtime wages and failed to authorize/permit meal/rest breaks throughout her employment.  Upon the termination of her employment, Defendant did not, therefore, pay Plaintiff all wages due and owing as required by California Labor Code §§ 201-202.

74.   Plaintiff is informed and believes and thereupon alleges that Defendant willfully failed to pay Plaintiff all amounts due upon termination of her employment. Plaintiff therefore seeks all unpaid wages and statutory penalties up to thirty (30) days worth of pay under California Labor Code § 203.  Plaintiff also seeks penalties pursuant to California Labor Code § 2699.

75.   As a further direct, legal and proximate result of Defendant's conduct, Plaintiff was caused to and did employ the services of counsel to prosecute this action, and is accordingly entitled to an award of attorneys' fees according to proof pursuant to California Labor Code § 218.5.  Plaintiff also seeks interest pursuant to California Labor Code § 218.6.

## TWELFTH CAUSE OF ACTION

### (VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200 *ET SEQ.*
### AGAINST ALL DEFENDANTS)

76.   Plaintiff realleges and incorporates herein paragraphs 1 through 14 and 57 through 75 of this complaint as though fully set forth.

77.   As described hereinabove, Defendant followed a policy and practice of failing to authorize and/or permit meal and/or rest breaks, failing to pay overtime, failing to timely pay wages due and owing, and failing to provide an accurately itemized paystub, from at least 2012 through the present.  During this time period, Defendant failed to follow the law and

1 failed to pay all wages due to Plaintiff.

2      78.    Defendant knowingly, intentionally, and fraudulently concealed its unlawful

3 payroll practices from Plaintiff so that it could save money and bolster its bottom line.

4 Defendant engaged in this sharp, unlawful, and unfair practice to avoid payment to Plaintiff

5 of that what was legal owed to her.  In engaging in the aforementioned conduct, Defendant

6 has engaged in unlawful, unfair, and fraudulent business practices in violation of California

7 Business and Professions Code §§ 17200 *et seq.*

8      79.    Plaintiff has suffered economic harm and actual injury as the result of

9 Defendant's unlawful, unfair, and fraudulent business practices and, therefore, has standing to

10 bring this action.

11      80.    As the result of Defendant's unlawful, unfair, and fraudulent conduct,

12 Defendant has been unjustly enriched insofar as Defendant has withheld and recouped wages

13 that were due to Plaintiff and avoided its legal obligation to pay Plaintiff wages and statutory

14 penalties that were due to her.

15      81.    Plaintiff is entitled to restitution of all of the wages earned and due to her and/or

16 any other of Defendant's ill begotten gains from Defendant's engaging in the unlawful,

17 unfair, and fraudulent payroll practices described herein.

18      82.    Plaintiff also seeks interest on the amount of restitution awarded to Plaintiff.

19      83.    Plaintiff also seeks attorneys' fees under California Code of Civil Procedure

20 § 1021.5 because this lawsuit seeks to enforce important public rights guaranteed by the

21 California Labor Code.

22                      **PRAYER FOR RELIEF**

23      WHEREFORE, Plaintiff Katrina Collins prays for judgment against Defendant iCRco,

24 Inc., and Does 1 through 10, inclusive, and each of them, as follows:

25      1.    For general damages according to proof, on each cause of action for which such

26 damages are available;

27      2.    For compensatory damages, according to proof on each cause of action for

28 which such damages are available;

1    3.    For special damages according to proof on each cause of action for which such

2  damages are available;

3    4.    For prejudgment and postjudgment interest on any lost or unpaid wages

4  according to law;

5    5.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

6  California Code of Civil Procedure § 1021.5, California Labor Code §§ 218.5, 226.7, 226(g),

7  2699, California Government Code § 12965(b), and any other relevant provision under

8  California law that provides for attorneys' fees;

9    6.    For equitable relief to the extent available under law;

10    7.    For statutory penalties to the extent available under law;

11    8.    For treble damages to the extent available under law; and

12    9.    For such other and further relief as the Court deems proper and just.

13  **PLAINTIFF HEREIN DEMANDS A TRIAL BY JURY OF ALL CAUSES OF**

14  **ACTION ALLEGED HEREIN.**

15  DATED: December 23, 2014              CHESLER McCAFFREY LLP

16

17                                       By _____

18                                          Natasha Chesler

19                                          Attorneys for Plaintiff
                                            Katrina Collins

20

21

22

23

24

25

26

27

28

1  Connie L. Michaels, Bar No. 128065
   Shiva Shirazi Davoudian, Bar No. 232771
2  LITTLER MENDELSON, P.C.
   2049 Century Park East
3  5th Floor
   Los Angeles, CA 90067.3107
4  Telephone:    310.553.0308
   Fax No.:      310.553.5583
5
   Attorneys for Respondent
6  iCRco, INC.

7

8                  **AMERICAN ARBITRATION ASSOCIATION**

9

10  KATRINA COLLINS,                      Case No. 01-15-0006-0111

11            Claimant,                   ASSIGNED TO ARBITRATOR LOUISE A.
                                          LAMOTHE
12       v.

13  iCRco, INC. a California corporation, and    **RESPONDENT iCRco, INC.'S**
    DOES 1 through 10, inclusive,               **ANSWERING STATEMENT TO**
14                                              **CLAIMANT KATRINA COLLINS'**
              Respondents.                      **COMPLAINT**
15

16

17

18

19

20

21

22

23

24

25

26

27

28

ITTLER MENDELSON, P.C
2049 Century Park East
5th Floor
os Angeles, CA 90067.3107
310.553.0308

RESPONDENT'S ANSWERING STATEMENT

1    Comes now Respondent iCRco, Inc. ("Respondent"), by and through its attorneys, and

2    hereby answers the unverified Complaint ("Complaint") of Claimant Katrina Collins ("Claimant") as

3    follows:

### GENERAL DENIAL

5    Pursuant to the provisions of Code of Civil Procedure section 431.30, Respondent generally

6    denies each and every allegation contained in the Complaint, and further denies that Claimant is

7    entitled to compensatory damages, attorneys' fees, prejudgment interest, costs of suit, or any other

8    relief of any kind whatsoever.

### AFFIRMATIVE AND OTHER DEFENSES

10    Respondent asserts the following affirmative defenses. In so doing, Respondent does not

11    concede that it has the burden of production or proof as to any defense asserted below. Further,

12    Respondent does not presently know all the factors concerning Claimant's conduct sufficient to state

13    all defenses at this time. Accordingly, Respondent will seek leave to amend this Answer should it

14    later discover facts demonstrating the existence of additional defenses.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

17    1.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint

18    and each cause of action set forth therein, fail to state facts sufficient to constitute a cause of action

19    upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Waiver)

22    2.    As a separate and distinct affirmative defense, Respondent is informed and believes

23    that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and

24    each cause of action set forth therein, or some of them, are barred by the equitable doctrine of

25    waiver.

26

27

28

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067-3107
310.553.0308

1.

RESPONDENT'S ANSWER

### THIRD AFFIRMATIVE DEFENSE

#### (Estoppel/*Res Judicata*)

3.    As a separate and distinct affirmative defense, Respondent is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrines of estoppel and/or res judicata.

### FOURTH AFFIRMATIVE DEFENSE

#### (Laches)

4.    As a separate and distinct affirmative defense, Respondent is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of laches.

### FIFTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

5.    As a separate and distinct affirmative defense, Respondent is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

#### (Consent)

6.    As a separate and distinct affirmative defense, Respondent is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrine of consent.

### SEVENTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

7.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the statute(s) of limitations, including but not limited to those set forth in California Code of Civil

ITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067 3107
310.553.0308

2.

1 | Procedures sections 335.1, 338(a), 340(a), California Government Code sections 12960(d) and

2 | 12965(b), California Business & Professions Code section 17208, and any other applicable statute of

3 | limitation.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

6 | 8. As a separate and distinct affirmative defense, Respondent alleges that the Complaint

7 | and each cause of action set forth therein, or some of them, are barred, in whole or in part, to the

8 | extent that Claimant was legally obligated to and failed to exhaust her administrative remedies with

9 | the California Department of Fair Employment and Housing.

### NINTH AFFIRMATIVE DEFENSE

### (Exceeds Scope)

12 | 9. As a separate and distinct affirmative defense, Respondent alleges that the Complaint

13 | and each cause of action set forth therein, or some of them, are barred, in whole or in part, to the

14 | extent that they exceed the scope of the charges made by Claimant before the California Department

15 | of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

### TENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity and Preemption)

18 | 10. As a separate and distinct affirmative defense, the Complaint and each cause of action

19 | set forth therein, or some of them, seeking damages for emotional and/or physical injury are

20 | preempted and barred by the exclusive remedy provisions of the California Workers' Compensation

21 | Act, California Labor Code section 3500, et seq., and California Labor Code section 132a, in that:

22 | (1) the injuries complained of allegedly occurred when both Claimant and Respondent were subject

23 | to California Labor Code sections 3600 to 3601; (2) at the time of the alleged injuries, Claimant was

24 | performing services incidental to her employment and was acting within the course and scope of her

25 | employment; (3) Claimant alleges that the injuries were caused by her employment; and (4)

26 | Claimant's employment was covered by workers' compensation; and (5) Claimant's employer paid

27 | the entire costs for that coverage. Accordingly, this Arbitrator lacks subject matter jurisdiction over

28 | said claims.

TITLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067 3107
310.553 0308

3.

RESPONDENT'S ANSWER

## ELEVENTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Basis for Employment Decision)

11.    As a separate and distinct affirmative defense, Respondent alleges that Claimant's Complaint and each purported cause of action therein, or some of them, are barred because all acts or omissions allegedly attributed to Respondent represent the just and proper exercise of Respondent's managerial discretion and were undertaken for non-discriminatory, non-retaliatory, honest reasons, regulated by good faith and probable cause under the circumstances existing at the time of such acts or omissions.

## TWELFTH AFFIRMATIVE DEFENSE

### (Business Necessity)

12.    As a separate and distinct affirmative defense, Respondent alleges, without admitting that Respondent engaged in any of the acts or omissions alleged in Claimant's Complaint, that any such acts or omissions were undertaken for business necessity and/or for lawful business reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employee)

13.    As a separate and distinct affirmative defense to the Complaint and each purported cause of action therein, Respondent alleges that they are barred, in whole or in part, because Claimant was an at-will employee with no entitlement to continued employment pursuant to Section 2922 of the California Labor Code.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Reasonable Accommodation)

14.    As a separate and distinct affirmative defense to the second cause of action, Respondent alleges that Claimant did not seek accommodations from it as to her alleged disabilities and/or the accommodations sought were not reasonable.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Not Qualified Individual With A Disability)

15.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint and each cause of action set forth therein, or some of them, are barred as Claimant is not an

4.

ITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067-3107
310.553.0308

RESPONDENT'S ANSWER

1  individual with a disability, within the meaning of the California Fair Employment & Housing Act

2  ("FEHA"), nor was she regarded as having a disability.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Essential Functions of Job)

5  16.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint

6  and each cause of action set forth therein, or some of them, are barred because to the extent that the

7  Arbitrator may find that Claimant does have a disability that limits a major life activity and that

8  Respondent had an obligation to reasonably accommodate such a disability, Claimant could not

9  perform the essential functions of her job, with or without reasonable accommodation.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (No Reasonable Accommodation Available)

12  17.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint

·13  and each cause of action set forth therein, or some of them, are barred because, to the extent that the

14  Arbitrator may find that Claimant has a disability that limits a major life activity and that

15  Respondent had an obligation to reasonably accommodate such disability, no reasonable

16  accommodation existed which would have permitted Claimant to perform the essential functions of

17  her position.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Undue Hardship)

20  18.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint

21  and each cause of action set forth therein, or some of them, are barred because, to the extent that the

22  Arbitrator may find that Claimant does have a disability that limits a major life activity and that

23  Respondent had an obligation to reasonably accommodate such a disability, any accommodation of

24  Claimant's alleged disability would have imposed an undue hardship on Respondent.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Satisfaction and Discharge of Duty to Accommodate)

27  19.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint

28  and each cause of action set forth therein, or some of them, are barred because, to the extent that the

JTTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067-3107
310.553.0308

5.

RESPONDENT'S ANSWER

1    Arbitrator may find that Claimant does have a disability that limits a major life activity and that

2    Respondent had an obligation to reasonably accommodate such a disability, Respondent alleges that

3    the Complaint and each cause of action set forth therein cannot be maintained because Respondent

4    has met all obligations under the FEHA and any other law or public policy it may have had to

5    reasonably accommodate Claimant.

6                              **TWENTIETH AFFIRMATIVE DEFENSE**

7                          **(Failure to Engage/Cooperate in Interactive Process)**

8          20.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint

9    and each cause of action set forth therein, or some of them, are barred because, to the extent that the

10   Arbitrator may find that Claimant does have a disability that limits a major life activity and that

11   Respondent had an obligation to reasonably accommodate such a disability, Claimant failed to

12   engage in the interactive process reasonably and in good faith.

13                            **TWENTY-FIRST AFFIRMATIVE DEFENSE**

14                            **(Bona Fide Occupational Qualifications)**

15         21.    As a separate and distinct affirmative defense to the Complaint and each purported

16   cause of action therein, Respondent alleges that they are barred, in whole or in part, because its

17   alleged conduct towards Claimant was fully justified based upon Respondent's judgment of

18   differences in individual performance, qualifications, skill, effort, responsibility, merit or other *bona*

19   *fide* occupational qualifications.

20                            **TWENTY-SECOND AFFIRMATIVE DEFENSE**

21                                       **(No Publication)**

22         22.    As a separate and affirmative defense, Respondent is informed and believes that

23   further investigation and discovery will reveal, and on that basis alleges, that Claimant's Sixth Cause

24   of Action is barred because there was no publication of the alleged defamatory statements. This

25   defense is being asserted as a matter of right.   Respondent believes discovery will establish

26   additional facts to support this assertion.

27

28

ITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
.os Angeles, CA 90067.3107
310.553.0308

6.

RESPONDENT'S ANSWER

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Managerial Privilege)

23.    As a separate and affirmative defense, Respondent is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Claimant's Sixth Cause of Action is barred because the alleged publications and the cause of action for defamation, if any were made, are privileged under Civil Code section 47 as a communication, if any, made without malice to a person interested herein by one who is also interested, and/or by one who stands in relation to the person interested as to afford a reasonable ground for supposing the motive for the communication innocent; and/or who was requested by the person interested to give the information, if any, and/or as a publication of the matter for the public interest.  By so alleging, Respondent specifically denies that the burden of proof is on Respondent on this issue.  Rather, Respondent contends that Claimant bears the burden of proof on this issue.  This defense is being asserted as a matter of right.  Respondent believes discovery will establish additional facts to support this assertion.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Consent To Publication)

24.    As a separate and affirmative defense, Respondent is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Claimant's Sixth Cause of Action is barred to the extent Claimant consented, by words or conduct, to the communication or publication of any allegedly defamatory statement(s) to others.  This defense is being asserted as a matter of right.  Respondent believes discovery will establish additional facts to support this assertion.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Nonactionable Opinion)

25.    As a separate and affirmative defense, Respondent is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that Claimant's Sixth Cause of Action is barred because the alleged publication(s), if any was made, constitutes nonactionable opinion.  By so alleging, Respondent specifically denies the burden of proof on the issue of whether

7.

RESPONDENT'S ANSWER

1    the publication is opinion rests with Respondent.  Rather, Respondent alleges that Claimant bears the

2    burden of proving that the publication(s), if any, are not opinion.  This defense is being asserted as a

3    matter of right.   Respondent believes discovery will establish additional facts to support this

4    assertion.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Publication(s) Made In Good Faith)

7         26.    As a separate and affirmative defense, Respondent is informed and believes that

8    further investigation and discovery will reveal, and on that basis alleges, that Claimant's Sixth Cause

9    of Action is barred because the alleged publication(s), if any were made, were published in good

10   faith, reasonably, honestly and without malice based on the substantial truth of the publication(s).

11   By so alleging, Respondent specifically denies that the burden of proof on the issue of truth or falsity

12   rests on Respondent.  Rather, Respondent contends that Claimant bears the burden of proof on that

13   issue.  This defense is being asserted as a matter of right.  Respondent believes discovery will

14   establish additional facts to support this assertion.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Truth)

17        27.    As a separate and affirmative defense, Respondent is informed and believes that

18   further investigation and discovery will reveal, and on that basis alleges, that Claimant's Sixth Cause

19   of Action is barred because the alleged publication(s), if any were made, were true. By so alleging,

20   Respondent specifically denies that the burden of proof on the issue of truth or falsity rests on

21   Respondent.  Rather, Respondent contends that Claimant bears the burden of proof on that issue.

22   This defense is being asserted as a matter of right.  Respondent believes discovery will establish

23   additional facts to support this assertion.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Misrepresentation Under Labor Code Section 1050)

26        28.    As a separate and affirmative defense, Respondent is informed and believes that

27   further investigation and discovery will reveal, and on that basis alleges, that Claimant's California

28   Labor Code section 1050 claim is barred because Claimant cannot show that Respondent or any of

8.

ITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067-3107
310.553.0308

1    its employees, officers or agents engaged in any activity prohibited by California Labor Code section

2    1050 and nor did Respondent or any of its employees, officers or agents attempt to prevent Claimant

3    from obtaining employment.   This defense is being asserted as a matter of right.   Respondent

4    believes discovery will establish facts to support this assertion.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Claimant's Breach of Duties)

7        29.   As a separate and distinct affirmative defense, Respondent alleges that the Complaint

8    and each purported cause of action therein, are barred, in whole or in part, because Claimant

9    violated, at a minimum, her obligations as an employee under California Labor Code sections 2854

10    and/or 2856-2859.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Mixed Motive)

13        30.   As a separate and distinct affirmative defense, Respondent alleges that the Complaint

14    and each purported cause of action therein, are barred, in whole or in part, because, without

15    admitting that any unlawful or wrongful acts took place, if any unlawful motive existed in

16    connection with any employment decision involving Claimant, which Respondent denies, such

17    employment decision would have been the same even without any such unlawful or retaliatory

18    motive.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Remedies)

21        31.   As a separate and distinct affirmative defense, Respondent alleges that the Complaint

22    and each cause of action set forth therein, or some of them, are barred, in whole or in part, or the

23    liability for them reduced, to the extent Claimant failed to exhaust appropriate internal remedies.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

26        32.   As a separate and distinct affirmative defense, Respondent alleges that the Complaint

27    and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the

28    doctrine of avoidable consequences because Respondent: (a) maintained an anti-discrimination

9.

ITLER MENDELSON, P.C.
2049 Century Park East
5th Floor
s Angeles, CA 90067 3107
310.553.0308

1     policy, anti-harassment policy and/or open door policies with a complaint procedure; and (b)

2     Claimant unreasonably failed to take advantage of any preventative or corrective opportunities

3     provided by Respondent or to avoid harm otherwise. *State Dept. of Health Servs. v. Super. Ct.*

4     *(McGinnis)*, 31 Cal. 4th 1026 (2003).

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

**(No Proximate Cause)**

7     33.    As a separate and distinct affirmative defense, Respondent alleges that Claimant's

8     Complaint and each cause of action set forth therein, or some of them, are barred because Claimant's

9     alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure

10    promulgated and/or tolerated by Respondent.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

**(No Malice)**

13    34.    As a separate and distinct affirmative defense, Respondent alleges that assuming

14    arguendo, any conduct alleged by Claimant occurred, such conduct was not in reckless disregard of

15    Claimant's rights, nor was it the result of purposeful, knowing, bad faith, intentional, willful,

16    fraudulent, deliberate, callous, oppressive or malicious conduct by Respondent.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

**(No Intent)**

19    35.    As a separate and distinct affirmative defense, Respondent alleges that if Claimant

20    suffered any emotional distress (and Respondent denies that Claimant suffered any such distress), it

21    was not the intent of Respondent, or any person acting on Respondent's behalf, to inflict such

22    emotional distress on Claimant.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

25    36.    As a separate and distinct affirmative defense, Respondent alleges that, a reasonable

26    opportunity for investigation and discovery will reveal, and on that basis alleges, that Claimant failed

27    to take reasonable actions to mitigate her damages, if any, and any recovery to which Claimant

28    might be entitled must be reduced or limited by reason of her failure to mitigate her damages, if any.

10.

'TITLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067.3107
310.553.0308

RESPONDENT'S ANSWER

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

37.    As a separate and distinct affirmative defense, Respondent alleges that, to the extent Respondent acquires any evidence of wrongdoing by Claimant during the course of this litigation that would have materially affected the terms and conditions of Claimant's employment or would have resulted in Claimant being demoted, disciplined, and/or terminated, such after-acquired evidence shall bar Claimant's claims on liability or damages and/or shall reduce such claims as provided by law.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Outside Course and Scope)

38.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint, and each cause of action set forth therein, cannot be maintained because, to the extent that any employees of Respondent engaged in unlawful conduct towards Claimant, which Respondent denies, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted or ratified by Respondent and/or Respondent did not know of nor should it have known of such conduct.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

#### (Public Policy)

39.    As a separate and affirmative defense, Respondent alleges that Claimant was not terminated in violation of any fundamental, well-established public policy embodied in law or statute.

### FORTIETH AFFIRMATIVE DEFENSE

#### (Nexus)

40.    As a separate and distinct affirmative defense, the Complaint and each cause of action set forth therein cannot be maintained against Respondent because Claimant has failed to allege the requisite causal connection between alleged protected activities and the alleged adverse employment action.

JITLER MENDELSON, P.C
2049 Century Park East
5th Floor
os Angeles, CA 90067.3107
310.553.0308

11.

RESPONDENT'S ANSWER

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Respondent Took Prompt and Appropriate Corrective Action)

41.     As a separate and distinct affirmative defense, Respondent alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained against Respondent because without admitting that Respondent engaged in any of the acts or conduct, or made any of the statements attributed to it in the Complaint, at all relevant times, Respondent took prompt and appropriate corrective action in response to the workplace concerns of Claimant, thereby satisfying all legal obligations Respondent had to Claimant, if any.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Knowledge or Ratification)

42.     As a separate and distinct affirmative defense, Respondent alleges that even assuming arguendo, that any of Respondent's agents or employees failed to act as reasonably required, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Claimant from an improper and evil motive amounting to malice, and in conscious disregard of Claimant's rights, any such action was without advance knowledge, authorization, consent or ratification of any officer, director or managing agent of Respondent.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Alleged Emotional Distress Caused by Outside Factors)

43.     As a separate and distinct affirmative defense, Respondent alleges that if Claimant has suffered any emotional distress as alleged in her Complaint, such emotional distress was proximately caused by factors other than the actions of Respondent and/or anyone acting on Respondent's behalf.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Emotional Distress Damages Unconstitutional)

44.     As a separate and distinct affirmative defense, Respondent alleges that Claimant is not entitled to recover emotional distress damages because California's system of emotional distress damages is unconstitutional under *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), as well as the United States and California Constitutions.

12.

JTTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067-3107
310.553.0308

### FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Punitive Damages Unconstitutional)

45.    As a separate and distinct affirmative defense, Respondent alleges that Claimant is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Respondent to rights to be given to Respondent in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Respondent's rights to due process and/or equal protection under the law, under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on interstate commerce.

### FORTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages Speculative and Unsupported)

46.    As a separate and distinct affirmative defense, Respondent alleges that Claimant's claims for damages are precluded to the extent that such damages are speculative and/or because Claimant fails to plead facts sufficient to support the recovery of punitive damages.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Conscious Disregard)

47.    As a separate and distinct affirmative defense, Respondent alleges that Claimant is not entitled to recover any punitive damages because Respondent did not act with conscious disregard for the rights of Claimant.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Entitlement to Prejudgment Interest)

48.    As a separate and distinct affirmative defense, Respondent alleges that Claimant is not entitled to an award of prejudgment interest if she prevails on any or all of her purported claims.

iTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067.3107
310.553.0308

## FORTY-NINTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

49.    As a separate and distinct affirmative defense, Respondent alleges there exists a good faith *bona fide* dispute as to whether any additional compensation is actually due to Claimant, and if so, the amount thereof.

## FIFTIETH AFFIRMATIVE DEFENSE

### (Conduct Not Knowing, Intentional or Willful)

50.    As a separate and distinct affirmative defense, Respondent alleges that, even if Claimant is entitled to any additional compensation, which Respondent denies, it has not willfully or intentionally failed to pay any such additional compensation to Claimant to justify an award of penalties or fees, whether under California Labor Code section 203, California Labor Code section 226 or otherwise.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith Belief)

51.    As a separate and distinct affirmative defense, Respondent is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that any purported violation of the Labor Code or Order of the Industrial Welfare Commission was an act or omission made in good faith, and Respondent had reasonable grounds for believing that its practices complied with applicable laws and that any act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission, such that Claimant is not entitled to any damages.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (No Injury)

52.    As a separate and distinct affirmative defense, as to Claimant's claims for violation of California Labor Code Section 226, Respondent is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint and each cause of action alleged therein, is barred because Claimant's has not suffered any injury from any alleged failure by Respondent to comply with California Labor Code Section 226.

JTTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
.co Angeles, CA 90067.3107
310.553.0308

14.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

### (De Minimis)

53.    As a separate and distinct affirmative defense, Respondent alleges that some or all of the hours worked by Claimant and claimed as causing a violation of any laws relating to wage requirements were *de minimis* and do not qualify as compensable hours worked within the meaning of the California Labor Code and the Wage Order(s) issued by the California Industrial Wage Commission.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

### (Vague and Ambiguous Wage Orders)

54.    As a separate and distinct affirmative defense, Respondent alleges that the Complaint and each cause of action are barred because the applicable statutes and the applicable wage orders of the California Industrial Welfare Commission are unconstitutionally vague ambiguous as applied to the facts and circumstances of this case.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

55.    As a separate and distinct affirmative defense, Respondent alleges that the claims asserted are barred to the extent Claimant released the claims and damages sought and/or acknowledged an accord and satisfaction of any claim asserted in the Complaint.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

### (Conduct By Others)

56.    As a separate and distinct affirmative defense, Respondent alleges that Claimant's Complaint cannot be maintained against Respondent because any alleged losses or harms sustained by Claimant, if any, which Respondent denies, resulted from causes other than any act or omission, if any, by Respondent.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Overtime)

57.    As a separate and distinct affirmative defense, any recovery on the Complaint with respect to the allegations of failure to pay overtime is barred because Claimant was not entitled to

15.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

overtime compensation under the California Labor Code, and Respondent complied with the applicable wage orders of the California Industrial Welfare Commission, and/or applicable federal law.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Exemption from Overtime, Meal Break and/or Rest Breaks)

58.   As a separate and distinct affirmative defense, Respondent is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint is barred because Claimant was exempt from the payment of overtime pay requirements, meal period and/or rest breaks requirements because, *inter alia*, she was employed in a *bona fide* administrative and/or executive capacity arising under the California Labor Code, applicable Wage Order(s) and all applicable regulations, taking into account appropriate tacking of exemptions.

### FIFTY-NINTH AFFIRMATIVE DEFENSE

#### (Failure To Take Breaks Provided Under The Law)

59.   As a separate and affirmative defense, Respondent alleges that, assuming *arguendo* that Claimant was entitled to meal and/or rest breaks, the Complaint and each cause of action set forth therein, or some of them, is barred because she (1) failed to take breaks that were provided to her in compliance with California law, (2) chose not to take the rest breaks that were authorized and permitted, or (3) waived her right to meal breaks under California Labor Code section 512(a).

### SIXTIETH AFFIRMATIVE DEFENSE

#### (Exemption -- Reasonable Expectations)

60.   As a separate and distinct affirmative defense, Respondent is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that the Complaint, and each cause of action set forth therein, or some of them, is barred to the extent that Claimant did not perform her duties in accordance with the reasonable expectations of Respondent and/or in the manner directed by Respondent, and accordingly such acts or omissions cannot deprive Respondent the benefit of the exemption from overtime pursuant to *Ramirez v. Yosemite Water Co.*, 20 Cal. 4th 785 (2000).

ITTLER MENDELSON P.C.
2049 Century Park East
5th Floor
os Angeles, CA 90067 3107
310 553.0008

## SIXTY-FIRST AFFIRMATIVE DEFENSE

### (Conduct Not Willful)

61.    As a separate and distinct affirmative defense, Respondent alleges that Claimant's claim of waiting time penalties is barred insofar as none of Respondent's conduct during her employment and at the time of her separation was willful in that Respondent had a good faith belief in the legal correctness of the use of the administrative, executive and/or any other applicable exemption, and therefore no waiting time penalties are due. (*Amaral v. Cintas Corp.*, 163 Cal. App. 4th 1157 (2008)).

## SIXTY-SECOND AFFIRMATIVE DEFENSE

### (Offset or Set-Off)

62.    As a separate and distinct affirmative defense, Respondent alleges that even if Claimant is entitled to any compensation as a result of the Complaint and a cause of action set forth therein, which Respondent denies, any such compensation must be setoff in an amount equal to the amount(s) recovered by and/or previously paid to Claimant for the same or similar claims asserted in any related cases or charges, received fraudulently or inappropriately by Claimant as workers' compensation, disability or unemployment benefits, wages and/or other monies and/or benefits Claimant has received or will receive so as to prevent unjust enrichment of Claimant.

## SIXTY-THIRD AFFIRMATIVE DEFENSE

### (Excessive Fines)

63.    As a separate and distinct affirmative defense, Respondent alleges that to the extent Claimant seeks civil or statutory penalties, such claims violate the Fifth, Fourteenth and Eighth Amendments of the United States Constitution and also violate Article 1, sections 17 and 8 of the California Constitution, including the prohibition against excessive fines.

## SIXTY-FOURTH AFFIRMATIVE DEFENSE

### (Violation of Due Process)

64.    As a separate and distinct affirmative defense, Respondent alleges that the imposition of replicating individual penalties would deprive Respondent of its constitutional rights to due process under the Fourteenth Amendment of the United States Constitution and under the

17.

ITTLER MENDELSON, P.C
2049 Century Park East
5th Floor
os Angeles, CA  90067 3107
310.553.0308

1    Constitution and laws of the State of California. *See State Farm Mutual Automobile Insurance*

2    *Company v. Campbell*, 538 U.S. 408 (2003); *People ex. rel. Lockyer v. R.J. Reynolds*, 37 Cal. 4th

3    707 (2005); *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

4                        **SIXTY-FIFTH AFFIRMATIVE DEFENSE**

5                            **(Adequate Remedy at Law)**

6        65.    As a separate and distinct affirmative defense, Respondent alleges that the relief

7    requested by Claimant pursuant to California Business and Professions Code section 17200, *et seq.*

8    should be denied because Claimant has an adequate remedy at law.

9                        **SIXTY-SIXTH AFFIRMATIVE DEFENSE**

10                            **(No Unfair Business Practices)**

11        66.    As a separate and distinct affirmative defense, Respondent alleges that it is not liable

12    for violation of unlawful business practices pursuant to California Business and Professions Code

13    Section 17200, *et seq.*, because its business practices were not unfair, deceptive or likely to mislead

14    anyone.

15                        **SIXTY-SEVENTH AFFIRMATIVE DEFENSE**

16                            **(Bad Faith and/or Frivolous Claims)**

17        67.    As a separate and distinct affirmative defense, Respondent alleges that Claimant's

18    claims are unreasonable, were filed in bad faith, and/or are frivolous and, for such reasons, justify an

19    award of attorneys' fees and costs against Claimant and/or her attorneys pursuant to California law

20    including, but not limited to, California Code of Civil Procedure section 128.7, and/or Government

21    Code section 12965(b).

22                        **SIXTY-EIGHTH AFFIRMATIVE DEFENSE**

23                            **(Right To Amend)**

24        68.    Respondent does not presently know of all of the facts regarding the conduct of

25    Claimant and the claims alleged in the Complaint sufficient to state all affirmative defenses that may

26    exist at this time. Accordingly, Respondent expressly reserves the right to amend this Answer

27    should it later discover facts demonstrating the existence of additional affirmative defenses.

28

.ITTLER MENDELSON, P.C
2049 Century Park East
5th Floor
.os Angeles, CA 90067.3107
310.553.0308

18.

RESPONDENT'S ANSWER

## PRAYER

WHEREFORE, Respondent prays:

1. That Claimant takes nothing by her action against Respondent and that Claimant's Complaint be dismissed in its entirety with prejudice;

2. That Judgment be entered in Respondent's favor;

3. That Respondent be awarded its attorneys' and expert fees and costs of suit herein (to the extent permitted by applicable law, including, but not limited to, California Government Code § 12965(b)); and,

4. Such other and further relief as the Arbitrator deems just and proper.

Dated: June 30, 2016

Connie L. Michaels
Shiva Shirazi Davoudian
LITTLER MENDELSON, P.C.
Attorneys for Respondent
iCRco., INC.

Firmwide:141268405.2 999999.5956

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

19.

## PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             )    ss
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party of the within action. My business address is: 2049 Century Park East, Suite 500, Los Angeles, CA 90067.

On **June 30, 2016**, I served the foregoing documents described as **RESPONDENT ICRCO, INC.'S ANSWERING STATEMENT TO CLAIMANT KATRINA COLLINS' COMPLAINT** on the interested parties in this as follows:

Timothy B. McCaffrey, Jr., Esq.
Natasha Chesler, Esq.
CHESLER McCAFFREY LLP
11377 West Olympic Blvd., Suite 500
Los Angeles, CA 90064-1683
Telephone: 310-882-6407; Facsimile: 310-882-6359
Email: tbm@cmlegal.com; nrc@cmlegal.com

☐ **(VIA PERSONAL SERVICE)** I caused said documents to be served by having a professional messenger service, **USA LEGAL NETWORK**, personally deliver them to the persons at the addresses listed above. (A confirmation document by the professional messenger service will be retained in our office.).

☑ **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☐ **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☐ **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **June 30, 2016** at Los Angeles, California.

Leigh-Anne Locke
                                                        [Signature]

Firmwide:134019805.1 081559.1002

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067-3107
310 553.0308

PROOF OF SERVICE

# AMERICAN ARBITRATION ASSOCIATION
## EMPLOYMENT ARBITRATION TRIBUNAL

**KATRINA COLLINS,**
**Claimant**

**v.**                              Case No.: 01-15-0006-0111

**iCRco, Inc.,**
**Respondent**

---

## Procedural Order #2

A pre-hearing conference was held by telephone on July 6, 2016, with the Arbitrator, Louise A. LaMothe. Appearing for Claimant Katrina Collins was Natasha Chesler, Esq., Chesler McCaffrey LLP. Appearing for Respondent iCRco, Inc., was its newly-retained counsel, Connie Michaels, Esq., Littler Mendelson, P.C. After review of the parties' joint status report dated July 1, 2016, and discussions with counsel, the Arbitrator rules as follows:

1. **Respondent and representative:**
   **iCRco, Inc.**
   Connie L. Michaels, Esq.
   Littler Mendelson, P.C.
   2049 Century Park East
   5th Flr.
   Los Angeles, CA 90067-3107
   (310) 553-0308
   Fax: (310) 553-5583

2. **Claims and defenses:** Replacement counsel has filed an Answer on behalf of Respondent dated June 30, 2016.

3. **Applicable laws and rules:** The parties' arbitration clause in Claimant's "Employment, Confidential Information, Invention Assignment & Arbitration Agreement" ("arbitration agreement") identifies California law as controlling. The Arbitrator finds that this is an employer-promulgated plan, as the Association has earlier determined, and that the requirements of *Armendariz* apply, as Claimant contends.

4. **Discovery:** The Arbitrator pointed out the AAA employment discovery protocols, and the parties agreed to use them to the extent possible. Claimant has earlier served

1



discovery, to which Respondent has not yet responded, and Claimant's counsel committed to send a letter narrowing the requests as necessary. Respondent agreed to respond to the discovery as narrowed no later than August 8, 2016. Respondent represented that it still needs to receive documents regarding Claimant's health care providers and was allowed to serve its Requests for Production of Documents on Monday, July 11, 2016. The discovery cutoff agreed to is November 15, 2016. The parties agreed to phased discovery; they will proceed in late August, 2016, with depositions of Claimant (in Los Angeles) and PMK of Respondent.

5. **Mediation/further discovery:** The parties agreed to explore settlement in approximately September, after the initial depositions listed above have been taken. If settlement efforts are not successful, they intend to take further depositions, including the HR representative and Claimant's supervisor as well as Respondent's CEO, until the November 15 discovery cutoff. They will meet and confer to set up discovery and request the Arbitrator's assistance if they require it.

6. **Motion for summary judgment:** Respondent states that it wishes to file a motion for summary judgment. Accordingly, Respondent will send the Arbitrator a letter request under Rule 27 on November 15, 2016, to file a motion. Claimant's opposition to the request shall be filed no later than November 21 and the Arbitrator will rule on the request no later than November 24. If the request is allowed, Respondent shall file its motion no later than December 9. At that time, the parties will agree on a briefing schedule and will confer with the Arbitrator to select a convenient hearing date.

7. **Evidentiary hearing schedule, location:** The evidentiary hearings are tentatively set to take place in Los Angeles from April 24 through 28, 2017 (Respondent's counsel has not stated that her witnesses are unavailable; therefore, this hearing schedule is confirmed.) The hearing shall begin at 10:30 am on April 24 and at 9 am on all successive days. The hearing will last until 5:30 pm on April 24 due to the later start time. There will be one hour for lunch to be taken at the convenience of the parties, counsel and the Arbitrator. Counsel should be prepared to go reasonably later in the evenings if time is running short or inconvenience to witnesses can be avoided. The location for the evidentiary hearings is tentatively the AAA offices in downtown Los Angeles, subject to confirmation by the case manager that there is space available at that location.

8. **Court reporter:** The parties agree on the use of a court reporter at the evidentiary hearings and reported to the Arbitrator that they have agreed to equally split the cost.

9. **Witness lists:** The parties shall exchange their preliminary witness lists no later than October 6, including the name and summary of testimony of each witness. They shall also provide copies of their witness lists to the Arbitrator. The duty to update the identification of witnesses continues up to and including the evidentiary hearings in this case. The Arbitrator requires that final disclosures of all witnesses be exchanged no later than March 24, and that she receive a copy of the witness lists when they are served.





10. **Exhibits:** The parties will exchange exhibit lists no later than March 24, 2017. They will thereafter meet and confer at a time convenient for them to prepare a joint consolidated and comprehensive set of exhibits. For the parties' reference, the Arbitrator requires that the exhibits be serially numbered, and in chronological order as much as possible. All exhibits shall be three-hole punched, two-sided copied as much as possible, individually tabbed, and placed in binders. No binder shall exceed 2 inches in thickness and each binder should have the case name in the side sleeve of the binder as well as on the front. An electronic copy of all exhibits shall also be scanned and saved to flash drives in individual PDF files. The PDF file name should indicate the exhibit number and a two or three-word description of its contents. Except for exhibits mentioned in the parties' briefs, the Arbitrator does not require exhibits in advance of the evidentiary hearings.

11. **Pre-hearing briefs:** The parties agree to submit pre-hearing briefs on April 17, 2017. The Arbitrator requests that the parties' briefs be limited to 20 pages. If the parties intend to vary from that page limit, they should advise the Arbitrator. Exhibits mentioned in the briefs should be provided to the Arbitrator with the briefs and should be numbered in accordance with the exhibit lists to be used at the hearings. Each party shall provide copies of all authorities cited.

12. **Stipulations:** The parties will meet and confer as the case progresses to stipulate as much as possible to facts not in dispute and the admissibility of evidence.

13. **Attorneys' Fees:** The parties agree to the Arbitrator's suggested method (mentioned in the Agenda Order) for determining attorneys' fees in this case.

14. **Final pre-hearing conference:** A final pre-hearing conference will be set in early March, 2017. Approximately one week before the conference, the Arbitrator will circulate by email an order establishing an agenda for the conference.

All deadlines stated herein will be strictly enforced, except to the extent modified or excused for good cause shown.

SO ORDERED.

Dated: August 11, 2016

Louise A. LaMothe
Arbitrator

3

**ALLAN SARVER**

| | |
|---|---|
| From: | Natasha Chesler <nrc@cmlegal.com> |
| Sent: | Tuesday, October 25, 2016 2:53 PM |
| To: | ALLAN SARVER |
| Subject: | FW: Collins v. ICRCO |

Below is an email from opposing counsel stating that she would be producing the insurance policy, but she never did so.

---

From: "Davoudian, Shiva Shirazi" <SDavoudian@littler.com>
Date: Thursday, August 18, 2016 10:23 AM
To: Natasha Chesler <nrc@cmlegal.com>
Cc: "Michaels, Connie L." <CMichaels@littler.com>
Subject: RE: Collins v. ICRCO

Hi Natasha,

As promised, the following is in response to your August 15, 2016 meet and confer letter:

Please note that with respect to RFP Nos. 8, 41, 46, 59, 74, based on our investigation thus far, we do not believe that any responsive documents ever existed.

RFP No. 2 – (your letter inadvertently mentioned RFPD No. 1, which you had withdrawn) – Respondent's production already includes all documents that Respondent has presently located and that pertain to Claimant's hiring, job duties and separation from the company.

RFP No. 3 – Respondent has produced all non-privileged Workers' Compensation records that it can presently locate. We will continue to look for and will produce any other Workers' Compensation records we can locate.

RFP No. 5 – With the clarification provided in your letter, I can confirm that Respondent has produced all documents that Claimant signed "relating to the obtaining or holding of employment" as required by Labor Code section 432 and is not withholding any documents based on a claim of privilege or asserted objections.

RFP No. 45 – We will again confer with our client to evaluate whether any other open positions were available since 2014 and will get back to you before the PMK depositions. Unfortunately, our person most knowledgeable about this topic is presently unavailable we therefore cannot provide a supplemental response by August 22, 2016. We will however be sure to get back to you prior to the PMK deposition on 8/31.

RFPD No. 47 – Except the organizational charts produced already, we are not aware of any organizational charts that reflect the 2014 re-organization. We will be happy to double check with our client and will produce a post-separation organizational chart reflecting the elimination of Claimant's position, if any such documents exist. Based on our investigation thus far, we are not aware of any post-restructuring organization charts.

RFPD No. 56 – This request for "all documents that reflect, refer or related and/or evidence the hiring of Millie Cruz" is overbroad and intrudes on Ms. Cruz's privacy rights. We are happy to telephonically confer with you about this request to hopefully reach an amicable resolution.

RFPD No. 60 – We appreciate your willingness to narrow the scope of this request, but please note that Respondent's production already includes communications between Ms. Collins, Mr. Neushul, Mr. Singh, Ms. Burki and Ms. Boehm as they relate to Claimant's claims in this action. A review of all employees' emails and ESI to search for any





1

communications is both overly burdensome and the costs associated get to such a huge undertaking significantly outweighs any benefit thereto. Please let us know if you would like to further confer about this request.

RFPD No. 63 – We will produce the full insurance policy.

Please let us know if you would like to telephonically discuss the above in further detail.

Thank you.

**Shiva Shirazi Davoudian**, Attorney At Law
310.712.7331 direct  213.947.1805 fax  SDavoudian@littler.com
2049 Century Park East, 5th Floor | Los Angeles, CA 90067-3107

**Littler Mendelson** | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Natasha Chesler [mailto:nrc@cmlegal.com]
**Sent:** Wednesday, August 17, 2016 12:02 PM
**To:** Davoudian, Shiva Shirazi
**Cc:** Michaels, Connie L.
**Subject:** Re: Collins v. ICRCO

No problem. Not a big deal - just wanted to make sure it was coming. Thanks.

Natasha R. Chesler
Chesler McCaffrey LLP
11377 West Olympic Boulevard
Suite 500
Los Angeles, California 90064-1683
Phone: (310) 882-6407
Facsimile: (310) 882-6359

The information contained in this communication is protected by the attorney-client and/or the attorney work-product privilege. It is intended only for the use of the addressee, and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this communication or any other reader of the communication is not the named recipient, or the employee or agent responsible to deliver it to the recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail or by e-mail to nrc@cmlegal.com, and destroy this communication and all copies thereof, including all attachments.

**From:** Davoudian, Shiva Shirazi <SDavoudian@littler.com>
**Sent:** Tuesday, August 16, 2016 8:24:21 PM
**To:** Natasha Chesler
**Cc:** Michaels, Connie L.
**Subject:** RE: Collins v. ICRCO

Hi Natasha,

In response to your August 15th letter, please note that we provided an electronic signature because although Mr. Neushul reviewed and verified the responses, he was traveling and was unavailable to provide a wet signature. We will be sure to forward a formal signed verification prior to the commencement of the party depositions.

Tomorrow, I will also respond substantively to the issues raised in your letter.

Thanks!

**Shiva Shirazi Davoudian**, Attorney At Law
310.712.7331 direct  213.947.1805 fax   SDavoudian@littler.com
2049 Century Park East, 5th Floor | Los Angeles, CA 90067-3107

**Littler Mendelson** | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Natasha Chesler [mailto:nrc@cmlegal.com]
**Sent:** Monday, August 15, 2016 11:41 AM
**To:** Michaels, Connie L.; Davoudian, Shiva Shirazi
**Subject:** Collins v. ICRCO

Connie and Shiva - Please see meet and confer correspondence attached.  Thank you.

- Natasha

Natasha R. Chesler
Chesler McCaffrey LLP
11377 West Olympic Boulevard
Suite 500
Los Angeles, California 90064-1683
Phone:  (310) 882-6407
Facsimile:  (310) 882-6359

The information contained in this communication is protected by the attorney-client and/or the attorney work-product privilege. It is intended only for the use of the addressee, and the privileges are not waived by virtue of this having been sent by e-mail. If the person actually receiving this communication or any other reader of the communication is not the named recipient, or the employee or agent responsible to deliver it to the recipient, any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by return e-mail or by e-mail to nrc@cmlegal.com, and destroy this communication and all copies thereof, including all attachments.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

---------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.



